1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Niv V. Davidovich, Esq. (State Bar No. 247328)
**DAVIDOVICH KAUFMAN LEGAL GROUP, APA**
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
Tel: (818) 661-2420
Fax: (818) 305-5131
niv@davkauf.com

Attorneys for Plaintiff Vitaliy Sasin

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALIY SASIN, individually and on behalf of all others similarly situated, | **Case No.: 2:17cv04022-CBM (RAOx)** |
| Plaintiff, | **CORRECTED SECOND AMENDED COMPLAINT FOR:** |
| vs. | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(b) et seq.] |
| ENTERPRISE FINANCIAL GROUP, INC., doing business as EFG COMPANIES, INC., a Texas corporation; ROYAL ADMINISTRATION SERVICES, INC., a Florida corporation; UNITED SERVICE PROTECTION CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive, and each of them, | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(b) et seq.] |
| | 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(c) et seq. and 47 C.F.R. § 64.1200(c)] |
| Defendants. | 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227(c) et seq. and 47 C.F.R. § 64.1200(c)] |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff VITALIY SASIN ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of ENTERPRISE FINANCIAL GROUP, INC., doing business as EFG COMPANIES, INC.; ROYAL ADMINISTRATION SERVICES, INC.; and UNITED SERVICE PROTECTION CORPORATION (collectively, "Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff and/or having one of the Defendants contact Plaintiff on its behalf, on Plaintiff's mobile telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 et seq. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, residents of Florida and Texas. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because Defendants do

business within the State of California and Plaintiff resides within the County of Los Angeles.

## PARTIES

4.     Plaintiff, VITALIY SASIN ("Plaintiff"), is a natural person residing in Tarzana, California and is a "person" as defined by 47 U.S.C. § 153 (39).

5.     Defendant, ENTERPRISE FINANCIAL GROUP, INC., doing business as EFG COMPANIES, INC. is a Texas corporation ("EFG"), registered to do business in California as a foreign entity, and is a "person" as defined by 47 U.S.C. § 153 (39).

6.     Defendant, ROYAL ADMINISTRATION SERVICES, INC. is a Florida corporation ("Royal"), registered to do business in California as a foreign entity, and is a "person" as defined by 47 U.S.C. § 153 (39).

7.     Defendant UNITED SERVICE PROTECTION CORPORATION is a Delaware corporation ("USP"), registered to do business in California as a foreign entity, and is a "person" as defined by 47 U.S.C. § 153 (39).

8.     The above-named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the defendants sued herein as DOE DEFENDANTS 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

10.    Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11.    EFG and Royal are administrators of after-market automobile warranty policies sold by each of these defendants directly to consumers who own vehicles.

12.    USP is an insurance company which is the insurer on the policies/warranties sold by Royal and EFG.

13.    Beginning in or around April of 2017, EFG and Royal contacted Plaintiff on Plaintiff's mobile telephone numbers ending in -0705 and -3974, in an attempt to solicit Plaintiff to purchase EFG, Omega and/or Royal's products, namely, auto warranty policies, which in the case of Royal and EFG, were insured by Assurant.

14.    During the calls that Plaintiff answered, the person who eventually spoke to Plaintiff represented that he or she was calling on behalf of EFG, Omega, and Royal.

15.    Plaintiff's mobile telephone number ending in -0705 was added to the National Do-Not-Call Registry on or about June 25, 2016.

16.    Defendants contacted or attempted to contact Plaintiff on his mobile telephone number ending in -0705 from telephone numbers including (818) 949-2017 on May 12, 2017.

17.    Defendants contacted or attempted to contact Plaintiff on his mobile telephone number ending in -3974 from telephone numbers including (702) 602-8053 on April 13, 2017, April 5, 2017 (twice), April 6, 2017 (twice) and April 13, 2017.  The call on April 13, 2017 was made at 7:31 a.m., Pacific Standard Time.

18.    Plaintiff never provided his telephone numbers to the Defendants.

19.     Plaintiff is informed and believes and thereupon alleges that all the calls alleged above were made using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

20.     Specifically, Plaintiff is informed and believes and thereupon alleges that with reference to all the calls alleged above (including those made to Mr. Sasin), the equipment used to make the calls had the capacity to store or produce telephone numbers to be called, using a random number generator or sequential number generator, and to dial such numbers.

21.     Plaintiff is informed and believes and thereupon alleges that with reference to all the calls alleged above (including those made to Mr. Sasin), after the ATDS made the call to the cellular phone number, a pause ensued where the caller could not be heard momentarily, and then a "click" was heard, which is indicative of the unique use of an ATDS (which would not be heard when making a call using a non-ATDS or regular phone system).

22.     Plaintiff is informed and believes and thereupon alleges that with reference to all the calls alleged above (including those made to Mr. Sasin), the equipment used to make the calls generated the calls automatically from its database of telephone numbers without any human involvement.

23.     Plaintiff is informed and believes and thereupon alleges that with reference to all the calls alleged above (including those made to Mr. Sasin), the calls were made on Defendants' behalf (including UPS), in an agency capacity, at their direction and under their control, and with Defendants' full knowledge that the calls were being made, the manner in which they were being made, and the equipment and software used to make such calls. All of the Defendants controlled or had the right to control the manner and means of the calls alleged hereinabove.

24.     Plaintiff is informed and believes and thereupon alleges that UPS, as the insurer with regard to the warranties sold by Royal and EFG, appoints the

1  actual entities making the calls on behalf of the Defendants through, among other
2  agencies, the Florida Department of Financial Services.

3       25.   Plaintiff is informed and believes that UPS engages, contracts with
4  and appoints Royal and EFG and their employees and contractors to make such
5  calls to sell the warranties alleged above, on UPS's behalf and for UPS's direct
6  benefit, in that UPS shares in the revenues made by selling the warranties.

7       26.   Defendants' calls constituted calls that were not for emergency
8  purposes as defined by 47 U.S.C. § 227(b)(1)(A).

9       27.   Such calls constitute solicitation calls pursuant to 47 C.F.R. §
10  64.1200(c)(2), as they were an attempt to promote or sell Defendants' services.

11       28.   As shown above, Plaintiff has received numerous solicitation calls
12  from Defendants within a 12-month period.

13       29.   Plaintiff did not have an established business relationship with
14  Defendants during the time of the solicitation calls from Defendants.

15       30.   Plaintiff did not give Defendants prior express written consent for
16  Defendant to call Plaintiff's home telephone for marketing or solicitation purposes.

17       31.   Despite this, Defendants continued to call Plaintiff in an attempt to
18  solicit its services and in violation of the National Do-Not-Call provisions of the
19  TCPA thus violating Plaintiff's privacy.

20       32.   Upon information and belief, at all relevant times, Defendants failed
21  to establish and implement reasonable practices and procedures to effectively
22  prevent telephone solicitations in violation of the regulations prescribed under 47
23  U.S.C. § 227(c)(5).

24       33.   In performing the above violations and actions, EFG, Royal, and
25  Omega were acting as agents and/or apparent agents for Defendant Assurant, as
26  Assurant was the insurance company that insures the polices sold by the remaining
27  administrator defendants.  Plaintiff is informed and believed and thereupon alleges

28
_

**SECOND AMENDED COMPLAINT**
- 6 -

1  that Assurant knew of these calls, gave authority to EGF, Royal and Omega to
2  make these calls, and ratified this conduct.

3  **IMPLEMENTATION OF TCPA**

4      34.    Congress gave the Federal Communications Commission ("FCC") the
5  right to draft implementing regulations to implement the TCPA.  (47 § 227(b)(2),
6  (c)(1)-(4).)

7      35.    In response, the FCC enacted the regulations found at 47 C.F.R. §
8  64.1200 (the "Regulations").

9      36.    The Regulations state that: "(c) No person or entity shall initiate any
10 telephone solicitation to: [¶] (1) Any residential telephone subscriber before the
11 hour of 8 a.m. or after 9 p.m. (local time at the called party's location), or [¶] (2) A
12 residential telephone subscriber who has registered his or her telephone number on
13 the national do-not-call registry of persons who do not wish to receive telephone
14 solicitations that is maintained by the Federal Government. Such do-not-call
15 registrations must be honored indefinitely, or until the registration is cancelled by
16 the consumer or the telephone number is removed by the database administrator."
17 (47 C.F.R. § 64.1200(c).)

18     37.    The Regulations also state: "(e) The rules set forth in paragraph (c)
19 and (d) of this section are applicable to any person or entity making telephone
20 solicitations or telemarketing calls to wireless telephone numbers to the extent
21 described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-
22 153, "Rules and Regulations Implementing the Telephone Consumer Protection
23 Act of 1991." (47 C.F.R. § 64.1200(e).)

24     38.    The Commission's Report and Order, CG Docket No. 02-278, FCC
25 03-153 ("Report and Order"), states, "We conclude that the national database
26 should allow for the registration of wireless telephone numbers, and that such
27 action will better further the objectives of the TCPA and the Do-Not-Call Act. In
28 so doing, we agree with the FTC and several commenters that wireless subscribers

**SECOND AMENDED COMPLAINT**

should not be excluded from the protections of the TCPA, particularly the option to register on a national-do-not-call list.130 Congress has indicated its intent to provide significant protections under the TCPA to wireless users. Allowing wireless subscribers to register on a national do-not-call list furthers the objectives of the TCPA, including protection for wireless subscribers from unwanted telephone solicitations for which they are charged." (*Id.* At p. 24, ¶ 33.)

39.   The Report and Order also states: "The FTC clarified that because wireless subscribers are often charged for the calls they receive, they will be allowed to register their wireless telephone numbers on the national do-not-call database." (*Id.* At p. 19, ¶ 23.)

40.   The Report and Order also states: "we conclude that wireless subscribers may participate in the national do-not-call list. As a practical matter, since determining whether any particular wireless subscriber is a 'residential subscriber' may be more fact-intensive than making the same determination for a wireline subscriber, we will presume wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'" (*Id.* At p. 26, ¶ 36.)

41.   Therefore, calls made to Plaintiff's wireless numbers which were registered on the National Do-Not-Call Registry as alleged above constitute violations of 47 U.S.C., § 227(c).

## CLASS ALLEGATIONS

42.   The allegations herein are made as two subclasses – one concerning the National Do-Not-Call violation, i.e., violations of 47 U.S.C. § 227(c)(5) (hereinafter the "DNC Class"), and a second concerning the ATDS dialing of mobile numbers, i.e., violations of 47 U.S.C. § 227(b) (hereinafter the "The ATDS Class").

## THE DNC CLASS

43.   The subclass constituting the DNC Class is defined as follows:

---

44.     All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

45.     Plaintiff represents, and is a member of, the DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

46.     Defendants, their employees and agents are excluded from the DNC Class.

47.     Plaintiff does not know the number of members in the DNC Class, but believes the DNC Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

48.     The DNC Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the DNC Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the DNC Class includes thousands of members. Plaintiff alleges that the DNC Class members may be ascertained by the records maintained by Defendants.

49.     Plaintiff and members of the DNC Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and the DNC Class members via their telephones for solicitation purposes, thereby

invading the privacy of said Plaintiff and the the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class members were damaged thereby.

50.    Common questions of fact and law exist as to all members of the DNC Class which predominate over any questions affecting only individual members of the DNC Class. These common legal and factual questions, which do not vary between the DNC Class members, and which may be determined without reference to the individual circumstances of any of the DNC Class members, include, but are not limited to, the following:

A.    Whether, within the four years prior to the filing of this Complaint, Defendants or their agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendants and did not have an established business relationship with Defendants;

B.    Whether Defendants obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

C.    Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

D.    Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

51.    As a person that received solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants, Plaintiff is asserting claims that are typical of the DNC Class.

52.    Plaintiff will fairly and adequately protect the interests of the members of the DNC Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

SECOND AMENDED COMPLAINT
- 10 -

53.   A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all DNC Class members is impracticable.  Even if every DNC Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each DNC Class member.

54.   The prosecution of separate actions by individual DNC Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other DNC Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party DNC Class members to protect their interests.

55.   Defendant has acted or refused to act in respects generally applicable to the DNC Class, thereby making appropriate final and injunctive relief with regard to the members of the DNC Class as a whole.

## THE ATDS CLASS

56.   The subclass constituting the ATDS Class is defined as follows:

57.   All persons within the United States, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants, using an ATDS, on a telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, which call(s) promoted

Defendants' products or services, within four years prior to the filing of the complaint.

58.    Plaintiff represents, and is a member of, the ATDS Class.

59.    Defendants, their employees and agents are excluded from the ATDS Class.

60.    Plaintiff does not know the number of members in the ATDS Class, but believes the ATDS Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

61.    The ATDS Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the ATDS Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the ATDS Class includes thousands of members. Plaintiff alleges that the ATDS Class members may be ascertained by the records maintained by Defendants.

62.    Plaintiff and members of the ATDS Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and the ATDS Class members via their mobile telephones (or other telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call) using an ATDS for solicitation purposes, thereby invading the privacy of said Plaintiff and the ATDS Class members. Plaintiff and the ATDS Class members were damaged thereby.

63.    Common questions of fact and law exist as to all members of the ATDS Class which predominate over any questions affecting only individual members of the ATDS Class. These common legal and factual questions, which do not vary between the ATDS Class members, and which may be determined without

reference to the individual circumstances of any of the ATDS Class members, include, but are not limited to, the following:

> A.   Whether, within the four years prior to the filing of this Complaint, Defendants or their agents placed more than one solicitation call to the members of the ATDS Class, using an ATDS, who had not granted prior express consent to Defendants and did not have an established business relationship with Defendants;

> B.   Whether Defendants obtained prior express written consent to place solicitation calls to Plaintiff or the ATDS Class members' telephones;

> C.   Whether Plaintiff and the ATDS Class member were damaged thereby, and the extent of damages for such violation; and

> D.   Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

64.   As a person that received solicitation calls from Defendants on his mobile number from Defendants using an ATDS to make such calls, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants, Plaintiff is asserting claims that are typical of the ATDS Class.

65.   Plaintiff will fairly and adequately protect the interests of the members of the ATDS Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

66.   A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all ATDS Class members is impracticable.  Even if every ATDS Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense

to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each ATDS Class member.

67.    The prosecution of separate actions by individual ATDS Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other ATDS Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party ATDS Class members to protect their interests.

68.    Defendant has acted or refused to act in respects generally applicable to the ATDS Class, thereby making appropriate final and injunctive relief with regard to the members of the ATDS Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227(b)

### On Behalf of the ATDS Class

69.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all previous paragraphs.

70.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A)(iii).

71.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

72.    Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

**On Behalf of the ATDS Class**

73.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all previous paragraphs.

74.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b), and in particular 47 U.S.C. § 227 (b)(1)(A)(iii).

75.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)).

76.     Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)**

**On Behalf of the DNC Class**

77.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all previous paragraphs.

78.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(1)-(5) and 47 C.F.R. § 1200(c).

79.     As a result of Defendants' negligent violations of 47 U.S.C. § 227 (c)(1)-(5) and 47 C.F.R. § 1200(c), Plaintiff and the DNC Class Members are

entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

80.     Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)**

**On Behalf of the DNC Class**

81.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in all previous paragraphs.

82.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(1)-(5) and 47 C.F.R. § 1200(c).

83.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 (c)(1)-(5) and 47 C.F.R. § 1200(c), Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(C)).

84.     Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

///

///

///

///

///

**FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

1.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

2.     Costs of suit.

3.     Any and all other relief that the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(b)**

4.     As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §2§27(b)(1)(A)(iii), Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3).

5.     Costs of suit.

6.     Any and all other relief that the Court deems just and proper.

**THIRD CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)**

7.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(1)-(5), Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B).

8.     Costs of suit.

9.     Any and all other relief that the Court deems just and proper.

1

### FOURTH CAUSE OF ACTION

2

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

3

### 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)

4      10.      As a result of Defendant's willful and/or knowing violations of 47

5  U.S.C. § 227(c)(1)-(5), Plaintiff and the DNC Class members are entitled to and

6  request treble damages, as provided by statute, up to $1,500, for each and every

7  violation, pursuant to 47 U.S.C. §227(c)(5))(C).

8      11.      Costs of suit.

9      12.      Any and all other relief that the Court deems just and proper.

10

### JURY TRIAL

11

12      Pursuant to the Seventh Amendment to the Constitution of the United States

13  of America, Plaintiff is entitled to, and demands, a trial by jury.

14

15  Dated: August 24, 2017        **DAVIDOVICH KAUFMAN LEGAL GROUP, APA**

16

17                      By: _____

18                          Niv Davidovich
                            Attorneys for Plaintiff VITALIY SASIN, THE
19                          DNC CLASS, THE ATDS CLASS, AND ALL
                            OTHERS SIMILARLY SITUATED
20

21

22

23

24

25

26

27

28

---

**SECOND AMENDED COMPLAINT**