1 | R. BRIAN SHIELDS (TBN 24056310)
(Admitted Pro Hac Vice)
2 | Email: BShields@ShieldsLegal.com
SHIELDS LAW GROUP
3 | 16301 Quorum Drive, Suite 250B
Addison, TX 75001
4 | Telephone:    (469) 726-3060
Facsimile:     (927) 788-4332
5 |
CHRISTOPHER A. LILLY (SBN 192479)
6 | Email: clilly@troygould.com
ARVIN TSENG (SBN 245648)
7 | Email: atseng@troygould.com
TROYGOULD PC
8 | 1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
9 | Telephone:    (310) 553-4441
Facsimile:     (310) 201-4746
10 |
Attorneys for Defendant
11 | Enterprise Financial Group, Inc., doing business as
EFG Companies, Inc.
12 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALIY SASIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE FINANCIAL GROUP, INC., doing business as EFG COMPANIES, INC., a Texas corporation; ROYAL ADMINISTRATION SERVICES, INC., a Florida corporation; UNITED SERVICE PROTECTION, INC., a Florida corporation; and DOES 1 through 50, inclusive, and each of them,<br><br>Defendants. | Case No. 2:17cv04022-CBM (RAOx)<br><br>ENTERPRISE FINANCIAL GROUP'S NOTICE OF MOTION AND MOTION TO DISMISS<br><br>Date:    October 10, 2017<br>Time:    10:00 a.m.<br>Dept:    8B<br>Hon. Consuelo B. Marshall |

**TroyGould PC**

ENTERPRISE FINANCIAL GROUP'S NOTICE OF MOTION AND MOTION TO DISMISS

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on October 10, 2017 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Consuelo B. Marshall, in Courtroom 8B of the United States District Court for the Central District of California, located at the First Street Courthouse, 350 West 1st Street, Los Angeles, California 90012, defendant Enterprise Financial Group, Inc., d/b/a EFG Companies, Inc. ("EFG"), will and hereby does move for entry of an order dismissing the Second Amended Complaint with prejudice.

EFG's motion is brought pursuant to Fed. R. Civ. P. 12(b)(2) on the ground that the Court lacks personal jurisdiction over EFG.

The motion is also brought pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff Vitaliy Sasin:

> (1) fails to state a claim upon which relief can be granted against EFG because the operative complaint does not state facts plausibly showing that:
>
> - EFG should be liable, directly or vicariously, for alleged telephone calls made by other defendants;
> - any defendant, let alone EFG, used an autodialer to make the alleged telephone calls in violation of § 227(b); or
> - Sasin is a "residential telephone subscriber" with statutory standing to sue under § 227(c);
>
> (2) fails to comply with the Local Rules regarding class allegations; and
>
> (3) lacks standing to request an injunction.

The motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, and Declaration of Mike Washington, and all pleadings, documents and records on file

**TroyGould PC**

1

03861-0002 298305.2

1   herein, and upon such other and further argument, evidence, or documents as may be

2   permitted at or before the hearing hereon.

3

4       Per Local Rule 5-4.3.4(a)(2)(i), all signatories listed on this page, and on whose

5   behalf the filing is submitted, concur in the filing's content and have authorized the filing.

6

7   Dated:  September 8, 2017            R. BRIAN SHIELDS
                                        SHIELDS LAW GROUP
8

9
                                        By:  /s/ R. Brian Shields
10                                           R. Brian Shields
                                        Attorneys for Defendant
11                                      Enterprise Financial Group, Inc., doing business
                                        as EFG Companies, Inc.
12
    Dated:  September 8, 2017            CHRISTOPHER A. LILLY
13                                       ARVIN TSENG
                                         TROYGOULD PC
14

15
                                        By:  /s/ Arvin Tseng
16                                           Arvin Tseng
                                        Attorneys for Defendant
17                                      Enterprise Financial Group, Inc., doing business
                                        as EFG Companies, Inc.
18

19

20

21

22

23

24

25

26

27

28

**TroyGould PC**

ENTERPRISE FINANCIAL GROUP'S NOTICE OF MOTION AND MOTION TO DISMISS

03861-0002 298305.2

## <u>LOCAL RULE 7-3 CERTIFICATION</u>

This motion is made following the conferences of counsel pursuant to Local Rule 7-3 which took place on or about August 7 and September 7, 2017 between plaintiff's counsel, and EFG's local counsel, Christopher A. Lilly.

Per Local Rule 5-4.3.4(a)(2)(i), all signatories listed on this page, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  September 8, 2017       R. BRIAN SHIELDS
                                        SHIELDS LAW GROUP

                                        By:  /s/ R. Brian Shields
                                            R. Brian Shields
                                      Attorneys for Defendant
                                      Enterprise Financial Group, Inc., doing business as EFG Companies, Inc.

Dated:  September 8, 2017       CHRISTOPHER A. LILLY
                                        ARVIN TSENG
                                        TROYGOULD PC

                                        By:  /s/ Arvin Tseng
                                            Arvin Tseng
                                      Attorneys for Defendant
                                      Enterprise Financial Group, Inc., doing business as EFG Companies, Inc.

**TroyGould PC**

1

03861-0002  298305.2

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ................................................................. 1

II.     BRIEF PROCEDURAL HISTORY .......................................... 2

III.    APPLICABLE LEGAL STANDARDS ..................................... 3

      A.      Lack of Personal Jurisdiction .................................. 3

      B.      Failure to State a Claim .......................................... 4

IV.     THE COURT LACKS JURISDICTION OVER EFG ................. 4

      A.      There Is No General Jurisdiction Over EFG ............... 5

      B.      There Is No Specific Jurisdiction Over EFG ............... 6

V.      THE COMPLAINT FAILS TO STATE A CLAIM AGAINST EFG ...... 8

      A.      Sasin Fails to Allege Facts That Would Make EFG Liable to Him ............................................................................ 8

      B.      Sasin May Not Revive His Do-Not-Call Claims ........... 9

      C.      Sasin Fails to Allege Facts to Support That He Is a Proper Plaintiff for His Do-Not-Call Claims .......................... 11

            1.      Only Calls to Residential Numbers on the Do-Not-Call List Are Actionable Under a Private Right of Action ...... 12

            2.      Sasin Fails to Allege That His is a Residential Number ...... 13

      D.      Sasin Fails to Allege Sufficient Facts to Support His Autodialer Allegation ......................................................... 13

            1.      It Is Insufficient to Simply Recite the Statutory Elements ...... 13

            2.      Sasin's Additional Allegation Is Insufficient .................. 15

      E.      Sasin Fails to Properly Allege His Class Allegations .......... 16

      F.      Sasin Is Not Entitled to an Injunction .......................... 16

VI.     CONCLUSION ................................................................... 17

**TroyGould**
**PC**

03861-0002 298305.2

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Amba Mkt'g Sys., Inc. v. Jobar Int'l, Inc.,*
  551 F.2d 784 (9th Cir. 1977) ......................................................3

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)..............................................................4, 15

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,*
  223 F.3d 1082 (9th Cir. 2000) ....................................................7

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)..............................................................4, 14

*Bristol-Myers Squibb Co. v. Superior Court,*
  --- S. Ct. ----, 2017 WL 2621322 (June 19, 2017) ....................6

*Bullen v. De Bretteville,*
  239 F.2d 824 (9th Cir. 1956) ....................................................10

*City of Los Angeles v. Lyons,*
  461 U.S. 95 (1982) ....................................................................16

*Conservation Force v. Salazar,*
  646 F.3d 1240 (9th Cir. 2011) ....................................................4

*Daimler AG v. Bauman,*
  134 S. Ct. 746 (2014)..............................................................5, 6

*Daniels v. ComUnity Lending, Inc.,*
  2014 WL 51275 (S.D. Cal. Jan. 6, 2014) ..................................14

*Doe v. Unocal Corp.,*
  248 F.3d 915 (9th Cir. 2001) ......................................................5

*Gomez v. Campbell-Ewald Co.,*
  768 F.3d 871 (9th Cir. 2014) ......................................................8

*Henderson v. United Student Aid Funds, Inc.,*
  2015 WL 12658485 (S.D. Cal. Apr. 8, 2015)........................5, 6, 7

*Hensarling v. Wells Fargo Bank, NA.,*
  2016 WL 775950 (E.D. Cal. Feb. 29, 2016)..............................14

**TroyGould**
**PC**

03861-0002 298305.2

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

*Hodgers-Durgin v. de la Vina*,
    199 F.3d 1037 (9th Cir. 1999) .................................................................16

*In re Dish Network, LLC*,
    28 FCC Rcd. 6574, 2013 WL 1934349, *8 (May 9, 2013) .....................8

*In re Toyota Motor Corp.*,
    785 F. Supp. 2d 883 (C.D. Cal. 2011) ....................................................9

*Jones v. Royal Admin. Servs.*,
    2017 U.S. App. LEXIS 14671 (9th Cir. 2017) .......................................8

*King v. Atiyeh*,
    814 F.2d 565 (9th Cir. 1987) .................................................................10

*Knutson v. Reply!, Inc.*,
    2011 WL 291076 (S.D. Cal. Jan. 27, 2011) ..........................................14

*Kramer v. Autobytel, Inc.*,
    759 F. Supp. 2d 1165 (N.D. Cal. 2010)..................................................15

*Lacey v. Maricopa County*,
    693 F3d 896 (9th Cir. 2012) ..................................................................10

*London v. Coopers & Lybrand*,
    644 F.2d 811 (9th Cir. 1981) .................................................................10

*Loux v. Rhay*,
    375 F.2d 55 (9th Cir. 1967) ...................................................................10

*Makaron v. GE Sec. Mfg., Inc.*,
    2014 WL 12614468 (C.D. Cal. July 31, 2014)...................................9, 14

*Martinez v. Aero Caribbean*,
    764 F.3d 1062 (9th Cir. 2014) .................................................................5

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
    647 F.3d 1218 (9th Cir. 2011) ........................................................3, 6, 7

*Orsatti v. Quicken Loans, Inc.*,
    2016 WL 7650574 (C.D. Cal. Sept. 12, 2016) ......................................13

*Panacci v. A1 Solar Power, Inc.*,
    2015 WL 3750112 (N.D. Cal. June 15, 2015)......................................9, 8

<u>**TABLE OF AUTHORITIES (cont.)**</u>

<u>**Page(s)**</u>

*Payne v. Office of the Commissioner of Baseball,*
  2016 WL 1394369 (N.D. Cal. Apr. 8, 2016) ...................................................... 7

*Ret. Sys. v. Jobs,*
  593 F.3d 1018 (9th Cir. 2010) .......................................................................... 10

*Roseville Fullerton Burton Holdings, LLC v. SoCal Wheels, Inc.,*
  2016 WL 6023824 (C.D. Cal. May 19. 2016) ..................................................... 5

*Roylance v. ALG Real Estate Services, Inc.,*
  2014 WL 1652440 (N.D. Cal. April 23, 2014) .................................................... 5

*Sacramento Coca-Cola Bottling Co. v. Chauffeurs, Etc., Local 150,*
  440 F.2d 1096 (9th Cir. 1971) .......................................................................... 10

*Schwarzenegger v. Fred Martin Motor Co.,*
  374 F.3d 797 (9th Cir. 2004) ................................................................... 3, 5, 6, 7

*Sepehry-Fard v. MB Fin. Servs.,*
  2014 WL 2191994 (N.D. Cal. May 23, 2014) .................................................... 14

*Smith v. Aitima Med. Equip., Inc.,*
  2016 WL 4618780 (C.D. Cal. July 29, 2016) ..................................................... 14

*Spokeo, Inc. v. Robins,*
  136 S. Ct. 1540 (2016) ........................................................................................ 2

*Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica,*
  614 F.2d 1247 (9th Cir. 1980) ............................................................................ 4

*Van Patten v. Vertical Fitness Group,*
  LLC, 847 F.3d 1037 (9th Cir. 2017) .................................................................... 2

*W. Sugar Coop. v. Archer-Daniels-Midland Co.,*
  2011 WL 11741501 (C.D. Cal. Oct. 21, 2011) (Marshall, J.) ............................... 9

*Waterbury v. Al Solar Power Inc.,*
  2016 WL 3166910 (S.D. Cal. June 7, 2016) ...................................................... 13

*Williams v. T-Mobile USA, Inc.,*
  2015 WL 5962270 (N.D. Cal. Oct. 14, 2015) .................................................... 13

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme,*
  433 F.3d 1199 (9th Cir. 2006) ....................................................................... 5, 6

TroyGould
PC

03861-0002 298305.2

1

**TABLE OF AUTHORITIES (cont.)**

2

**Page(s)**

3

**FEDERAL STATUTES AND REGULATIONS**

4

47 U.S.C. § 227 ..................................................................................................14

5

47 CFR § 64.1200(c) ...........................................................................................12

6

70 Fed. Reg. 19,330 (Apr. 13, 2005) ..................................................................12

7

**FEDERAL RULES**

8

9

Fed.R.Civ.P. 12(b)(2) .......................................................................................3, 7

10

Fed.R.Civ.P. 12(b)(6) ...........................................................................................4

11

Fed.R.Civ.P. 23 ..................................................................................................16

12

**LOCAL RULES**

13

Local Rule 23-1 ...................................................................................................16

14

Local Rule 23-2.1 ................................................................................................16

15

Local Rule 23-2.2 ................................................................................................16

16

17

18

19

20

21

22

23

24

25

26

27

28

**TroyGould
PC**

ENTERPRISE FINANCIAL GROUP'S NOTICE OF MOTION AND MOTION TO DISMISS

03861-0002 298305.2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Plaintiff Vitaliy Sasin ("Sasin") is a director and officer of several California corporations that sell extended auto warranties.  He is attempting to start a class action lawsuit against his competitors by accusing them of calling his mobile phone with an automatic telephone dialing system ("ATDS"), which phone number was on the Do-Not-Call Registry.[1]  One such competitor is Enterprise Financial Group, Inc., d/b/a EFG Companies, Inc. ("EFG").  Based on these calls, he alleges four claims for violation of the Telephone Consumer Protect Act (the "TCPA"): negligent and willful violation of the TCPA by using an ATDS, and negligent and willful violation of the TCPA by calling numbers on the Do-Not-Call Registry.

As set forth in detail below, the Second Amended Complaint ("SAC"), in whole or in part, should be dismissed with prejudice as to EFG for seven reasons.

First, Sasin has failed to establish that this Court has jurisdiction over EFG.

Second, Sasin fails to allege any facts that would make EFG liable to him.

Third, Sasin has already waived his Do-Not-Call claims, and he may not revive them here.

Fourth, Sasin fails to allege facts to support that he is a proper plaintiff for his Do-Not-Call Claims.

Fifth, Sasin fails to allege facts to plausibly support his allegation that EFG used an ATDS.

---

[1]     Sasin is a director and officer of Got Warranty, Inc., and US Dealer Services, Inc. (Request for Judicial Notice, Exh. A (December 27, 2013 Statement of Information showing that Sasin is a director of Got Warranty, whose business is "Extended Auto Warranty Sales"); Exh. B (December 27, 2013 Statement of Information showing that Sasin is a director of NCWC Dealer Services, whose business is "Extended Auto Warranty Sales"); Exh. C November 2, 2015 Certificate of Amendment of Article of Incorporation showing that NCWC Dealer Services has changed its name to US Dealer Services, and Sasin is the Treasurer).)

Sixth, Sasin has failed to follow the requirements for pleading a class action.

Seventh, Sasin lacks standing to request an injunction because there is no real or immediate threat of repeated injury.[2]

The Court should dismiss Sasin's complaint against EFG.

## II.

## BRIEF PROCEDURAL HISTORY

Sasin filed his initial complaint on May 30, 2017.  (Dkt. #1.)  The complaint purported to allege: negligent and willful claims for violation of the TCPA by using an ATDS, and negligent and willful violation of the TCPA by calling numbers on the Do-Not-Call Registry.  (*Id.* at ¶¶ 57–72.)  Along with EFG and others, Assurant, Inc. ("Assurant"), was also named as a defendant in the complaint.

On June 28, 2017, Assurant filed a motion to dismiss.  (Dkt. #13.)  Assurant asserted that this Court lacked personal jurisdiction over Assurant, but also that Sasin pled only conclusory allegations about the use of an ATDS.  Assurant pointed out that asking Sasin to plead facts was not unreasonable: "A TCPA plaintiff, for example, could plead that . . . following pick up, he heard a clicking, tone, or other noise on the line . . . ."  (*Id.* at 14:17–19.)  Assurant also argued that Sasin failed to state a claim for calling numbers on the Do-Not-Call Registry, because Sasin failed to allege that his was a residential number, and the Do-Not-Call statute prohibited only calls to residential numbers.  (*Id.* at 15:12–16:2.)

Rather than oppose this motion, on July 19, 2017, Sasin filed a FAC.  (Dkt. #20.)  The FAC not only dismissed Assurant, but added an allegation that Sasin "is informed and believes and thereupon alleges that with reference to all the calls alleged above, after the ATDS makes the call to the cellular phone number, a pause ensues where the caller cannot

---

[2]    Sasin has also failed to allege any concrete injury from the calls.  Thus, under the Supreme Court case of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), Sasin lacks Article III standing to pursue this action.  EFG recognizes that the Ninth Circuit has found *Spokeo* to be inapplicable to TCPA cases (see *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037 (9th Cir. 2017)), but raises the standing objection to preserve the matter should the Supreme Court take the issue on appeal.

be heard momentarily, <u>and then a "click" is heard, which is indicative of the unique use of</u> <u>an ATDS</u> (which would not be heard when making a call using a non-ATDS or regular phone system)." (*Id.* at ¶ 21 (underline added).)  In other words, Sasin saw the roadmap that Assurant laid out for him, and tried to implement it.

Sasin also dropped his claims for negligent and willful violations of the TCPA in regards to calling numbers on the Do-Not-Call Registry.

Under a stipulation and Court order, on August 17, 2017, Sasin filed the SAC.  (Dkt. #36.)  In the latest iteration of his complaint, he reinserted his negligent and willful violations of the TCPA by calling numbers on the Do-Not-Call Registry, and kept the new allegation about a "click" that he picked up from the Assurant motion to dismiss.  (*Id.* at ¶¶ 21 & 77–84.)

Specifically, Sasin alleges the following four claims:  (1) negligent violation of the TCPA by using an ATDS; (2) willful violation of the TCPA by using an ATDS; (3) negligent violation of the TCPA by calling numbers on the Do-Not-Call Registry; and (4) willful violation of the TCPA by calling numbers on the Do-Not-Call Registry.

### III.

### APPLICABLE LEGAL STANDARDS

**A.**   **Lack of Personal Jurisdiction**

A motion to dismiss for lack of personal jurisdiction is brought under Rule 12(b)(2). In opposing such a motion, the plaintiff bears the burden of establishing that jurisdiction is proper.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Although the plaintiff's uncontroverted allegations must be taken as true, the plaintiff may not simply rest on the complaint's bare allegations.  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).  A plaintiff is instead "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."  *Amba Mkt'g Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).  Although factual disputes are to be resolved in the plaintiff's favor, the Court may not assume the truth of allegations which are contradicted by affidavit.  *Mavrix Photo*, 647 F.3d at 1223.

**B.**     **Failure to State a Claim**

A Rule 12(b)(6) motion tests a claim's legal sufficiency.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  Dismissal is proper where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  *Id.*  In deciding the motion, the Court must apply a "plausibility standard" guided by two "working principles."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, although "a court must accept as true all of the allegations contained in a complaint," that tenet "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a complaint is not required to include detailed factual allegations, a complaint needs "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss," and determining whether a "plausible" claim is stated is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

## IV.

## THE COURT LACKS JURISDICTION OVER EFG

The Court must determine whether it has personal jurisdiction over the defendants in this action before permitting litigation against them to continue.  *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1255–56 (9th Cir. 1980) ("It is well established that a judgment entered without personal jurisdiction over the parties is void.").

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."

1  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th

2  Cir. 2006).  And California's long-arm statute permits a court to exercise personal

3  jurisdiction "so long as it comports with federal due process."  *Henderson v. United Student*

4  *Aid Funds, Inc.*, 2015 WL 12658485, at *2 (S.D. Cal. Apr. 8, 2015) (citing Cal. Civ. Proc.

5  Code § 410.10; *Fred Martin Motor*, 374 F.3d at 800–01).  "For a court to exercise personal

6  jurisdiction over a nonresident defendant, that defendant must have at least 'minimum

7  contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend

8  traditional notions of fair play and substantial justice.'"  *Fred Martin Motor*, 374 F.3d at

9  801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation

10  marks omitted)).

11      "Applying the "minimum contacts" analysis, a court may obtain either general or

12  specific jurisdiction over a defendant."  *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001)

13  (overruled on other grounds); *Roseville Fullerton Burton Holdings, LLC v. SoCal Wheels,*

14  *Inc.*, 2016 WL 6023824, *3 (C.D. Cal. May 19. 2016) (same).

15  **A.    There Is No General Jurisdiction Over EFG**

16      "General jurisdiction exists where a defendant has 'continuous and systematic'

17  contacts with the forum state such that the defendant may be 'haled into court in the forum

18  state to answer for any of its activities anywhere in the world.'"  *Roylance v. ALG Real*

19  *Estate Services, Inc.*, 2014 WL 1652440, at *3 (N.D. Cal. April 23, 2014) (quoting *Fred*

20  *Martin Motor*, 374 F.3d at 801).  In-state affiliations must be "so continuous and systematic

21  as to render [it] essentially at home in the forum State."  *Daimler AG v. Bauman*, 134 S. Ct.

22  746, 754 (2014) (internal quotation marks omitted).

23      Other than its principal place of business and state of incorporation, general

24  jurisdiction over a corporation is "only available elsewhere in the 'exceptional case' where

25  its affiliations with a forum are 'so substantial and of such nature as to render the

26  corporation at home.'"  *Henderson*, 2015 WL 12658485, at *2 (quoting *Daimler*, 134 S.Ct.

27  at 761 n.19); *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014)

28  ("[g]eneral jurisdiction over a corporation is appropriate only when the corporation's

**TroyGould**
**PC**

contacts with the forum state 'are so constant and pervasive as to render it essentially at home' in the state").

As a threshold matter, Sasin does not satisfy his burden of demonstrating that EFG is "at home" in California.  Sasin alleges in his SAC that he received six calls on two telephone numbers and that, "[d]uring the calls that Plaintiff answered, the person who eventually spoke to Plaintiff represented that he or she was calling on behalf of EFG, Omega, and Royal."  SAC ¶¶ 13, 14, 16, & 17.  Even if taken as true, those allegations are patently insufficient to establish jurisdiction over EFG.  *See Henderson*, 2015 WL 12658485, at *3 (finding, in a TCPA action, that a corporate defendant which had "two offices [and] over 300 employees [in California], pays taxes in California, [and] derives 5.8% of its annual revenue from California" is not "essentially at home" in California and declining to exercise general jurisdiction); *Mavrix Photo*, 647 F.3d at 1226 (rejecting claim that business relationships with California companies constitutes basis for general jurisdiction); *Fred Martin Motor*, 374 F.3d at 801 (same).

And EFG is not "at home" in California.  As Sasin himself admits, EFG is a Texas corporation.  SAC ¶ 5; Request for Judicial Notice, Exh. D.  Its principal place of business is in Texas.  Declaration of Mike Washington ("Washington Decl.") ¶ 2.  EFG has no offices in California.  *Id.*  EFG is an administrator of vehicle service contracts ("VSCs"), not a call center.  *Id.* at ¶¶ 2–10.  In short, EFG does not have contacts "so substantial and of such nature as to" make California its home.  *Daimler*, 134 S. Ct. at 761 n.19.  This is not an "exceptional case," *id.*, which permits the exercise of general jurisdiction over EFG.

**B.**   **There Is No Specific Jurisdiction Over EFG**

Specific jurisdiction is based on the relationship between the defendant's contacts with the forum state and the alleged harm suffered by the plaintiff.  *Yahoo!*, 433 F.3d at 1205; *see also Bristol-Myers Squibb Co. v. Superior Court*, --- S. Ct. ----, 2017 WL 2621322, at *7 (June 19, 2017) (without "an affiliation between the forum and the underlying controversy . . . specific jurisdiction is lacking") (quotation marks and citations

1  omitted).  The Ninth Circuit has described a three-part test to determine whether a district

2  court is permitted to exercise specific jurisdiction:

> (1) the defendant has performed some act or consummated some
> transaction within the forum or otherwise purposefully availed himself
> of the privileges of conducting activities in the forum (2) the claim
> arises out for results from the defendant's forum-related activities, and
> (3) the exercise of jurisdiction is reasonable.

6  *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  The

7  plaintiff "bears the burden of satisfying the first two prongs" of the specific jurisdiction

8  analysis.  *Mavrix Photo*, 647 F.3d at 1228.  "Whether a claim 'arises out of the defendant's

9  contacts with the forum is measured 'in terms of but for causation.'"  *Henderson*, 2015 WL

10  12658485, at *4 (quoting *Bancroft*, 223 F.3d at 1088) (internal quotation marks omitted).

11        While the complaint alleges that EFG contacted Plaintiff on his mobile phone

12  number (SAC ¶ 13), this is simply incorrect.  EFG is an administrator of VSCs, not a call

13  center.  Washington Decl. ¶ 2.  EFG does not make calls to individual customers.  *Id.* at ¶ 7.

14  No call center has been authorized to act as an exclusive or non-exclusive independent

15  seller of EFG's service contract programs administered by EFG in California or to

16  California residents.  *Id.* at ¶ 6.  Simply put, it is not possible that EFG made the call in

17  question or authorized someone else to make the call in question.  *Id.* at ¶ 8.  Moreover,

18  EFG has never transacted business with Sasin, or attempted to do so.  *Id.* at ¶ 10.

19  Accordingly, EFG cannot be said to have "purposefully availed" itself of "the privilege of

20  conducting activities" in California, or directed its conduct towards California.  See *Fred*

21  *Martin Motor*, 374 F.3d at 802–03 (noting that an intentional act expressly aimed at the

22  form state is required).

23        Based on the facts that could be gathered at this stage of the litigation, the Court has

24  neither general nor specific personal jurisdiction over EFG.  Accordingly, all claims against

25  EFG should be dismissed with prejudice.  *See Payne v. Office of the Commissioner of*

26  *Baseball*, 2016 WL 1394369, at *6 (N.D. Cal. Apr. 8, 2016) (dismissing complaint with

27  prejudice pursuant to Rule 12(b)(2)); *Henderson*, 2015 WL 12658485, at *5 (granting

28  motion to dismiss and denying jurisdictional discovery).

## V.

## THE COMPLAINT FAILS TO STATE A CLAIM AGAINST EFG

Were the Court to go further, and it need not, Sasin's SAC fails for six additional reasons: (a) Sasin fails to allege facts that would make EFG liable to him; (b) Sasin may not revive his Do-Not-Call Claims; (c) Sasin fails to allege facts that he is a proper plaintiff for his Do-Not-Call Claims; (d) Sasin fails to allege facts to plausibly support his allegation that EFG used an ATDS; (e) Sasin fails to properly allege his class allegations; and (f) Sasin is not entitled to an injunction.

### A.   Sasin Fails to Allege Facts That Would Make EFG Liable to Him

The Court should dismiss Sasin's claims against EFG, because Sasin fails to allege facts to establish EFG's liability.

"A seller is not directly liable for a violation of the TCPA unless it initiates a call, but may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer." *In re Dish Network, LLC*, 28 FCC Rcd. 6574 ¶ 24, 2013 WL 1934349, *8 (May 9, 2013); *see also Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014) ("[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller.").

Sasin alleges only that "[d]uring the calls that Plaintiff answered, the person who eventually spoke to Plaintiff represented that he or she was calling on behalf of EFG, Omega, and Royal." SAC ¶ 14 (underline added). This is insufficient.

"'Not all relationships in which one person provides services to another satisfy the definition of agency.'" *Jones v. Royal Admin. Servs.*, 2017 U.S. App. LEXIS 14671, *8 (9th Cir. 2017) (quoting Restatement (Third) Of Agency § 1.01). Specifically, "a principal is not vicariously liable for the actions of an independent contractor, because the principal does not have sufficient control over an independent contractor." *Id.* at *8–9.

For example, in *Panacci v. A1 Solar Power, Inc.*, "Plaintiff must show that A1 Solar [*i.e.*, the alleged principal] 'controlled or had the right to control' NREC [*i.e.*, the

independent contractor]—specifically the 'manner and means' of the calls conducted by NREC." *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (quoting *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014)).

Moreover, "Plaintiffs may not rest on legal conclusions regarding agency that are cast as factual allegations." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 911 (C.D. Cal. 2011); *see also W. Sugar Coop. v. Archer-Daniels-Midland Co.*, 2011 WL 11741501, at *7 (C.D. Cal. Oct. 21, 2011) (Marshall, J.) ("Plaintiffs' allegations as to the relationship between CRA and its members are conclusory and do not establish the authority to control that is required to show an agency relationship.").

Sasin fails to allege that EFG made the call directly (nor can he). Instead, he alleges that someone made the call "on behalf of EFG, Omega, and Royal." SAC ¶ 14. But in doing so, Sasin has made only bare conclusory statements of vicarious liability.

Worse, Sasin is not even clear who the call was on behalf of. Sasin might be alleging that the call was made "on behalf" of all three at the same time, which is neither clear nor plausible. Or Sasin may simply be attempting to say that he cannot recall on whose behalf the call was supposedly made.

Whatever the reasons for the failure of pleading, Sasin has alleged no basis to find EFG liable. *Makaron v. GE Sec. Mfg., Inc.*, 2014 WL 12614468, at *2 (C.D. Cal. July 31, 2014) (dismissing the TCPA claim because "Plaintiff does not plead sufficient facts, beyond merely parroting the elements of a TCPA violation, to establish either that the caller used an automatic dialing system or that one or both Defendants were the ones who made the phone calls"). Accordingly, all four claims against EFG should be dismissed.

**B.** **Sasin May Not Revive His Do-Not-Call Claims**

The Court should dismiss Sasin's third and fourth claims—for violation of the TCPA by purportedly making calls to a phone on the Do-Not-Call-Registry—because Sasin has already waived the right to make these claims.

In Sasin's initial complaint (Dkt. #1, ¶¶ 57–64), he alleged two claims for defendants' alleged violation of the TCPA by calling numbers on the Do-Not-Call Registry.

As referenced above, Assurant, in its Motion to Dismiss, attacked Sasin's two Do-Not-Call claims.  (Dkt. #13, 13:21–16:2.)

Rather than oppose the Motion to Dismiss, Sasin voluntarily filed his FAC.  (Dkt. #20.)  In the FAC, with the Motion to Dismiss pending, Sasin voluntarily dismissed his two Do-Not-Call claims.

Now, in Sasin's SAC (Dkt. #36, ¶¶ 77–84), he attempts to revive these claims.

But the Ninth Circuit has "long proclaimed that '[i]t is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint.'"  *Lacey v. Maricopa County*, 693 F3d 896, 928 (9th Cir. 2012) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) and citing *N.Y. City Emps.' Ret. Sys. v. Jobs*, 593 F.3d 1018, 1025 (9th Cir. 2010).

In *King v. Atiyeh*, the plaintiffs initially filed a complaint against certain Oregonian officials for violation of the fifth, sixth, eighth, and fourteenth amendments.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Plaintiffs then filed an amended complaint, alleging violations of the first and fourteenth amendments.  *Id.*  "The amended complaint did not incorporate either explicitly or by reference the allegations of the original complaint."  *Id.* The district court "ruled that the amended complaint superseded the original complaint" and, finding that the amended complaint failed to state a claim, dismissed the action.  *Id.* Plaintiffs appealed, contending, among other things, "that the district court erred in holding that their amended complaint superseded their original complaint."  *Id.*  The Ninth Circuit held that such argument was "meritless.  All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *Id.*[3]

---

[3]      See also *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (finding that a plaintiff had waived her Civil Rights Act claim when she failed to re-allege it in the Second Amend Complaint, even though the Court gave her leave to do so); *Sacramento Coca-Cola Bottling Co. v. Chauffeurs, Etc., Local 150*, 440 F.2d 1096, 1098 (9th Cir. 1971) (finding that plaintiffs had waived their common law conspiracy claims upon failure to replead them); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (holding that an "amended complaint supersedes the original, the latter being treated thereafter as non-existent" and "[b]y filing an amended complaint, plaintiff waives any error in the ruling to the original complaint"); *Bullen v. De Bretteville*, 239 F.2d 824, 833 (9th Cir. 1956) ("an amended
(Continued...)

1    By failing to reallege the Do-Not-Call Claims in his FAC, Sasin has waived them,

2    and he should not be permitted to re-allege them now in his SAC.  Accordingly, Sasin's

3    third and fourth claims should be dismissed with prejudice.

4    **C.**     **Sasin Fails to Allege Facts to Support That He Is a Proper Plaintiff for His Do-**

5           **Not-Call Claims**

6           The Court should also dismiss Sasin's Do-Not-Call Claims because he is an

7    improper plaintiff for those claims.  A plaintiff who wishes to exercise a private right of

8    action under the TCPA for receiving a call on a telephone number that was registered on the

9    Do-Not-Call Registry must allege that the number is a residential number.  Therefore, a

10   plaintiff who cannot allege that he was called on a residential number is an improper

11   plaintiff, because that call did not violate the TCPA.

12          In three complaints, Sasin has consistently failed to allege that the mobile number on

13   which he has received these calls is a residential number.  Instead, in his latest complaint,

14   Sasin attempts to plead around this by preemptively arguing in the complaint itself that the

15   FCC permits mobile phone numbers to be registered on the Do-Not-Call Registry, and

16   presumes that these phone numbers are residential numbers.  But what the same report also

17   says is that, should the FCC want to take action on a call to that mobile number, the owner

18   of that number will need to demonstrate that it is a residential number.  In other words, and

19   as set forth in detail below, the so-called presumption that Sasin pleads is merely a device

20   that permits a mobile phone number to be registered on the Do-Not-Call Registry without

21

22

23   ─────────────────────

     (...Continued)

24   pleading supersedes the original, the latter being treated thereafter as non-existent. . . .
     Once amended, the original no longer performs any function as a pleading . . . .").

25
     While these cases involve a court order on the motion to dismiss, the principle of these
26   cases should apply here.  A plaintiff that voluntarily amends in the face of a motion to
     dismiss is, in essence, admitting the validity of that motion to dismiss, and is equivalent to a
27   situation in which the Court has granted the motion to dismiss, but has given plaintiff leave
     to amend.

28

proof that it is a residential number—it is not a rewriting of the law permitting the owner of a non-residential number to bring a private right of action under the TCPA.

### 1.     Only Calls to Residential Numbers on the Do-Not-Call List Are Actionable Under a Private Right of Action

By their express terms, the FCC's do-not-call rules extend the private right of action under TCPA § 227(c) to a "residential telephone subscriber" only.  47 CFR § 64.1200(c). The term "residential telephone subscriber" is not defined in the TCPA or its implementing regulations.  The FCC, however, has stated that it "does not preclude calls to businesses" and that calls made to business numbers "will not be considered violations of our rules." Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 70 Fed. Reg. 19,330, 19,331 (Apr. 13, 2005).  A case-by-case assessment must be conducted "to determine whether or not the call was made to a residential subscriber."  *Id.*

Sasin preemptively argues in his SAC that, if a mobile phone number is registered with the Do-Not-Call Registry, then it is presumptively a residential number.  In his SAC, Sasin cites to a 2003 FCC report, which states that, because it would be difficult for the FCC to determine whether a wireless number was a residential number, <u>for purposes of including the number in the Do-Not-Call list</u>, the FCC would presume "wireless subscribers who ask to be put on the national do-not-call list to be 'residential subscribers.'"  SAC ¶ 37, citing FCC 03-153, ¶ 36, *available at* https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf.

But the report goes on to say, in the very next sentence:  "Such a presumption, however, may require a complaining wireless subscriber to provide further proof of the validity of that presumption should we need to take enforcement action."  *Id.*

In other words, if the FCC needed to take enforcement action, the wireless subscriber would need to prove that the presumption—that the registered mobile number was a residential number—was true.

The same applies to a private citizen invoking the same rules.

**2.      Sasin Fails to Allege That His is a Residential Number**

In his SAC, Sasin alleges that: (1) his "mobile telephone number ending in -0705 was added to the National Do-Not-Call Registry on or about June 25, 2016"; and (2) Defendants contacted or attempted to contact Plaintiff on his mobile telephone number ending in -0705 . . . on May 12, 2017." SAC ¶¶ 15–16.

What Sasin does <u>not</u> allege, is that his -0705 number is a residential number.

Sasin has filed three complaints so far.  Though alerted to this issue after he filed his initial complaint by Assurant's Motion to Dismiss (Dkt. #13, 15:12–16:2), Sasin has never alleged that his number is a residential number.

Because Sasin fails to allege that his number is a residential number, his Do-Not-Call claims fail.  The Court should dismiss Sasin's third and fourth claims for this separate and independent reason.

**D.      <u>Sasin Fails to Allege Sufficient Facts to Support His Autodialer Allegation</u>**

The Court should dismiss Sasin's first and second claims for use of an ATDS because Sasin fails to allege facts to plausibly support the conclusion that EFG made calls using an ATDS.

**1.      It Is Insufficient to Simply Recite the Statutory Elements**

In order to state a claim for violation of the TCPA by use of an ATDS, "at a minimum, Plaintiff must allege some indirect facts to suggest that Defendant's system is capable of acting as an ATDS." *Orsatti v. Quicken Loans, Inc.*, 2016 WL 7650574, at *3 (C.D. Cal. Sept. 12, 2016) (quoting *Flores v. Adir lnt'l, LLC*, 2015 WL 4340020, at *5 (C.D. Cal. July 15, 2015)); *Waterbury v. Al Solar Power Inc.*, 2016 WL 3166910, at *3 (S.D. Cal. June 7, 2016) ("As drafted, Plaintiff's allegation amounts to a bare legal conclusion.  Plaintiff provides no additional pertinent facts regarding Defendants' system. . . .  Plaintiff must at least allege the underlying facts requisite to a finding that Defendants' equipment constitutes an ATDS under the TCPA."); *Williams v. T-Mobile USA, Inc.*, 2015 WL 5962270, at *2–3 (N.D. Cal. Oct. 14, 2015) (finding that plaintiff failed to state a claim for violation of the TCPA because her parroting of the statutory elements "are no more than

1  legal conclusions couched as fact"); *Hensarling v. Wells Fargo Bank, NA.*, 2016 WL

2  775950, at *4 (E.D. Cal. Feb. 29, 2016) (same).[4]

3       That is exactly what Sasin does.  With one exception, addressed in detail below,

4  Sasin simply alleges threadbare recitals of the elements of the causes of action, which are

5  insufficient as a matter of law.  *Twombly*, 550 U.S. at 555.  Specifically, Sasin alleges each

6  of the following "on information and belief":

7       • "the calls alleged above were made using an automatic telephone dialing

8          system ('ATDS') as defined by 47 U.S.C. § 227(a)(1)" (SAC ¶ 19);

9       • ". . . the equipment used to make the calls had the capacity to store or produce

10         telephone numbers to be called, using a random number generator or

11         sequential number generator, and to dial such numbers" (SAC ¶ 20);

12      • ". . . the equipment used to make the calls generated the calls automatically

13         from its database of telephone numbers without any human involvement"

14         (SAC ¶ 21).

15      These allegations are a cut and paste of 47 U.S.C. § 227(a)(1).  Because they are

16 mere recitations of the statute and conclusory, they should be disregarded.  *Smith v. Aitima*

17 *Medical Equipment, Inc.*, 2016 WL 4618780, at *6 (C.D. Cal. Jul. 29, 2016) (dismissing a

18 TCPA claim when the facts were insufficient to support a conclusory allegation that the

19 defendant had used an ATDS); *see also Makaron v. GE Sec. Mfg., Inc.*, 2014 WL

20

21  _____

    [4]     *See also Smith v. Aitima Med. Equip., Inc.*, 2016 WL 4618780, at *5–6 (C.D. Cal.

22  July 29, 2016) (plaintiff's allegation of single call with "pause or dead air" insufficient to
    plausibly infer use of an ATDS); *Sepehry-Fard v. MB Fin. Servs.*, 2014 WL 2191994, at

23  *3–4 (N.D. Cal. May 23, 2014) (dismissing plaintiff's TCPA claim because "Plaintiff does
    not plead facts in the FAC explaining why he believes that Defendant made the offending

24  calls, nor does he describe the date, timing, or specific content of any of these calls, or why
    he believes that they were artificial or prerecorded"); *Daniels v. ComUnity Lending, Inc.*,

25  2014 WL 51275, at *5 (S.D. Cal. Jan. 6, 2014) (finding that plaintiff's ATDS allegations
    lack merit because they "are nothing more than a 'formulaic recitation of the elements of a

26  cause of action,' and do nothing more than assert a speculation"); *Knutson v. Reply!, Inc.*,
    2011 WL 291076, at *2 (S.D. Cal. Jan. 27, 2011) (dismissing plaintiff's TCPA claim

27  because "[t]here is nothing in the complaint that allows the court to infer the calls were
    randomly generated or impersonal").

28

**TroyGould**
**PC**

                        ENTERPRISE FINANCIAL GROUP'S NOTICE OF MOTION AND MOTION TO DISMISS

03861-0002 298305.2

12614468, at *2 (C.D. Cal. July 31, 2014) ("Plaintiff provides not one specific detail that led him to believe the calls were being made by an ATDS, instead simply stating that the calls were made by an ATDS, an element of his cause of action, and including the statutory definition of an ATDS."); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) ("As an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.' Such a naked assertion need not be taken as true.").

### 2. Sasin's Additional Allegation Is Insufficient

That leaves only one specific allegation.

Sasin, in addition to his cut-and-paste of the legal standard, alleges that "after the ATDS makes the call to the cellular phone number, a pause ensued where the caller cannot be heard momentarily, and then a 'click' was heard, which is indicative of the unique use of an ATDS." SAC ¶ 21.

This specific allegation does not save his claims.

Sasin made no mention of this "click" in his initial complaint. If this one fact were so important to him and his effort to plead a valid claim under the TCPA, it would naturally have been in his initial complaint. But it was not.

Only after Assurant filed its Motion to Dismiss, and laid out a roadmap for what a successful plaintiff might want to plead did Sasin strike upon this notion that he heard a "click."

Further, Sasin's "click" allegation is made on "information and belief." SAC ¶ 21. This is significant because it shows that Sasin has failed to allege that he picked up the calls. If there had been such a pause and a click when he answered the calls, then he would have no need to allege this on "information and belief"—he would know.

This strains all plausibility, and "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679.

1    Sasin's addition of this feather to the balance of his otherwise conclusory allegations
2    does not save his claim because his allegations in context are not plausible.

3    The first and second claims should be dismissed.

4    **E.    Sasin Fails to Properly Allege His Class Allegations**

5    Sasin's SAC fails to comport with Local Rules 23-1, 23-2.1, and 23-2.2.

6    Local Rule 23-2.2 states: "The section shall contain appropriate allegations thought
7    to justify the action's proceeding as a class action, including, but not limited to: . . . (g) The
8    nature of notice to the proposed class required and/or contemplated."  Nowhere in his Class
9    Allegations section (or anywhere else), does Sasin discuss the notice needed for the
10   proposed class or classes.

11   Local Rule 23-1 states: "The title of any pleading purporting to commence a class
12   action shall include the legend: "(Title of Pleading) Class Action."  Sasin's complaint does
13   not include the legend "Class Action."

14   Local Rule 23-2.1 states: "The section shall contain a reference to the portion or
15   portions of F.R.Civ.P. 23 under which it is contended that the suit is properly maintainable
16   as a class action."  Sasin's "Class Allegations" section makes no reference to Rule 23 of the
17   Federal Rules of Civil Procedure.

18   The Court should dismiss the SAC for this reason as well.

19   **F.    Sasin Is Not Entitled to an Injunction**

20   Sasin alleges that that he and the other purported class members are "entitled to and
21   seek injunctive relief prohibiting such conduct in the future." SAC ¶¶ 72, 76, 80, & 84.

22   But a plaintiff has standing to sue for injunctive relief only if "there is a real and
23   immediate threat of repeated injury."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102
24   (1982).  Without such threat to himself, a plaintiff may not seek injunctive relief on behalf
25   of a class.  *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the
26   named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a
27   class seeking that relief.").

28

**TroyGould
PC**

1    Sasin alleges that the last call that he received took place on May 12, 2017.  SAC ¶

2  16.  In other words, for four months, he has received no further calls.  There is no real or

3  immediate threat of repeated injury.  Sasin has no standing to sue for injunctive relief.  Any

4  such allegation for relief should be stricken from the complaint.

5                                            **VI.**

6                                      <u>**CONCLUSION**</u>

7    Sasin's suit is an attempt to compete through litigation rather than in the

8  marketplace.  Sasin's complaint is defective for the reasons stated above, and EFG

9  respectfully requests that the Court sustain its Motion to Dismiss, and dismiss the Second

10  Amended Complaint against EFG with prejudice.

11

12    Per Local Rule 5-4.3.4(a)(2)(i), all signatories listed on this page, and on whose

13  behalf the filing is submitted, concur in the filing's content and have authorized the filing.

14

15  Dated:  September 8, 2017            R. BRIAN SHIELDS
                                        SHIELDS LAW GROUP
16

17                                      By:  /s/ R. Brian Shields
18                                          R. Brian Shields
                                        Attorneys for Defendant
19                                      Enterprise Financial Group, Inc., doing business
                                        as EFG Companies, Inc.
20
    Dated:  September 8, 2017            CHRISTOPHER A. LILLY
21                                      ARVIN TSENG
                                        TROYGOULD PC
22

23                                      By:  /s/ Arvin Tseng
24                                          Arvin Tseng
                                        Attorneys for Defendant
25                                      Enterprise Financial Group, Inc., doing business
                                        as EFG Companies, Inc.
26

27

28

**TroyGould
PC**

03861-0002 298305.2