Niv V. Davidovich, Esq. (State Bar No. 247328)
**DAVIDOVICH KAUFMAN LEGAL GROUP, APA**
6442 Coldwater Canyon Avenue, Suite 209
North Hollywood, California 91606
Tel: (818) 661-2420
Fax: (818) 305-5131
niv@davkauf.com

Attorneys for Plaintiff Vitaliy Sasin

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALIY SASIN, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>ENTERPRISE FINANCIAL GROUP, INC., doing business as EFG COMPANIES, INC., a Texas corporation; ROYAL ADMINISTRATION SERVICES, INC., a Florida corporation; UNITED SERVICE PROTECTION CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive, and each of them,<br><br>     Defendants. | Case No.: 2:17cv04022-CBM (RAOx)<br><br>**PLAINTIFF VITALIY SASIN'S OPPOSITION TO ENTERPRISE FINANCIAL GROUP'S MOTION TO DISMISS**<br><br>zDate: October 10, 2017<br>Time: 10:00 a.m.<br>Dept.: 8B<br>Hon.: Consuelo B. Marshall |

---

**PLAINTIFF'S OPPOSITION TO EFG'S MOTION TO DISMISS**

## **TABLE OF CONTENTS**

I.   INTRODUCTION. ...............................................................................1

II.  PLAINTIFF HAS ESTABLISHED PERSONAL JURISDICTION OVER
EFG. ...................................................................................................2

  A.  This Court May Maintain Specific Personal Jurisdiction Over EFG. .............5

    1.  EFG Has Purposefully Availed itself of Privileges of Conducting Business
in California. ......................................................................................5

    2.  This Action Arises Out of SAC's Forum-Related Activities. ....................6

    3.  The Exercise of Personal Jurisdiction Over EFG Is Reasonable. ...............7

  B.  This Court Has General Jurisdiction Over EFG. .............................................7

  C.  If The Court is Inclined To Grant the Motion, the Court Should First Permit
Jurisdictional Discovery, Which Is Warranted In This Matter. ............................9

III. PLAINTIFF HAS STATED A CAUSE OF ACTION AGAINST EFG. ........ 10

  A.  Plaintiff Has Pleaded Sufficient Facts to Establish EFG's Liability. ........... 10

  B.  EFG's Argument That Plaintiff May Not Revive Claims From a Prior
Complaint Misstates the Law and the Facts. .................................................... 12

  C.  Plaintiff Has Sufficiently Alleged That 47 U.S.C. § 227(c) Applies To
Wireless Numbers ............................................................................................ 13

  D.  Plaintiff Has Sufficiently Alleged Use of An ATDS. .................................. 14

  E.  Plaintiff Has Properly Pleaded The Class Allegations. ................................ 16

  F.  An Injunction Is Proper ................................................................................ 17

IV. IF THE MOTION TO DISMISS IS GRANTED, PLAINTIFF SHOULD BE
GRANTED LEAVE TO AMEND. ....................................................................... 17

V.   CONCLUSION. ............................................................................................ 18

## <u>TABLE OF AUTHORITIES</u>

<u>**CASES**</u>:

*Amba Mkt'g Sys. Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977)......3, 13

*America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir.1989)9

*Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)............................................6

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)
  ..............................................................................................................5, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)...........................................10

*Blair v. CBE Group Incorporated,* No. 13-CV-134-MMA (WVG), 2013 WL
  2029155, at *4 (S.D. Cal. May 13, 2013) ...........................................................15

*Brady v. Grendene USA, Inc.*, No. 312CV00604GPCKSC, 2013 WL 12069028, at
  *7 (S.D. Cal. Aug. 19, 2013).................................................................................7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985) .........................5, 7

*City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1982)..........................................17

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) .6, 7

*Conley v. Gibson*, 355 U.S. 41, 48 (1957)..............................................................14

*Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F.Supp.2d 1013, 1017 (Cal. N.D.
  2005)......................................................................................................................8

*Doe, I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001.) ...................................6

*Fed. Sav. and Loan Ins. Corp. v. Shearson–Am.*, 658 F.Supp. 1331, 1343
  (D.P.R.1987).........................................................................................................11

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ............................................................18

*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 ......................................................12

*Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984) .....................8

*Gomez v. Campbell-Ewald*, 768 F.3d 871, 878 (9th Cir. 2014) .............................11

*Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) ...................................18

*Gragg v. Orange Cab Co., Inc.,* 2013 WL 195466, at *2 n. 3 (W.D.Wash. Jan.17,
  2013)....................................................................................................................14

*Gragg v. Orange Cab Co., Inc.*, No. C12– 0576RSL, 2013 WL 195466, at *2, n.3 (W.D. Wash. Jan. 17, 2013) .............................................................16

*Greenberg v. Sala*, 822 F.2d 882, 886 (9th Cir.1987) ............................................11

*Harris Rutsky & Co. Ins. Serv. v. Bell & Clements*, 328 F.3d 1122, 1135 (9th Cir.2003) ....................................................................................................................9

*Henderson v. United Student Aid Funds, Inc.*, 2015 WL 12658485, at *2 ..............2

*Hernandez v. Hilltop Fin. Mortg., Inc.*, 622 F. Supp. 2d 842, 852–53 (N.D. Cal. 2007) ...................................................................................................................11

*Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973) .................................14

*In re Dish Network, LLC*, 28 FCC Rcd. 6574 ¶ 24, 2013 WL 1934349, *8 (May 9, 2013) ...................................................................................................................10

*In re Jiffy Lube Int'l., Inc., Text Spam Litig.*, 847 F.Supp.2d 1253, 1260 (S.D. Cal. 2012) ...................................................................................................................15

*International Shoe v. State of Washington*, 326 U.S. 310, 316 (1945).....................2

*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) ..............................6

*Lacey v Maricopa County* F.3d 896, 928 (9th Cit. 2012)........................................12

*Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) ..........18

*Lehigh Coal & Navigation Co. v. Geko–Mayo, GmbH*, 56 F.Supp.2d 559, 572 (E.D.Pa.1999) .........................................................................................................8

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)..............................................18

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008) ...............................................................................................................................18

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011)...3, 4

*Mogadam v. Fast Eviction Serv.*, No. SACV 14-01912 JVS, 2015 WL 1534450, at *2 (C.D. Cal. Mar. 30, 2015)................................................................................15

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) ......................6, 7

*Robbins v. Coca–Cola Co.*, 2013 WL 2252646, at *3 (S.D.Cal. May 22, 2013)....14

*Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 801 (9th Cir. 2004) ..............................................................................................................8

*Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008).............10

*Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F.Supp.3d 765, 774 (N.D. Ill. 2014) ..... ............................................................................................................ 10, 11

*Telesaurus VPC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) ..............................16

*Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 945–46 (C.D. Cal. 2015) .............................................................................................16

*Torres v. Nat'l Enter. Sys., Inc.*, No. 12 C 2267, 2012 WL 3245520, at \*3 (N.D. Ill. Aug. 7, 2012) .........................................................................................15

*Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).............10

*Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430, n. 24 (9th Cir. 1977) ..............................................................................................9

## STATUTES

47 C.F.R. § 64.1200(c)................................................................................1

47 U.S.C. § 227 ...................................................................................1, 13

47 U.S.C. § 227(b) .....................................................................................1

47 U.S.C. § 227(b)(1)(A)(iii)................................................................10

## MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW Plaintiff VITALIY SASIN ("Plaintiff"), individually and on behalf of all others similarly situated, and hereby submits the following Opposition to defendant ENTERPRISE FINANCIAL GROUP, INC., doing business as EFG COMPANIES, INC., a Texas corporation's ("EFG") Motion to Dismiss (hereinafter referred to as "Motion").

## I.    INTRODUCTION.

Plaintiff brought the herein lawsuit against, among others, EFG, following the receipt of solicitations via robo-calls despite having his phone number on the Do Not Call Registry in violation of Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227(b) and (c) and 47 C.F.R. § 64.1200(c).).

In said calls, the solicitors stated that they were acting on behalf of EFG and attempted to sell Vehicle Service Contracts ("VSCs") to Plaintiff. Prior to said phone calls, Plaintiff did not have any prior business or personal contacts with EFG, to establish a relationship with EFG thereby justifying the calls.

The Motion ignores facts that establish jurisdiction, while artificially increasing the minimum pleading standards required by federal court.

Furthermore, EFG attempts to misconstrue the procedural history in this action. Plaintiff brought his original complaint against multiple parties, including Assurant, Inc. ("Assurant").    Upon receiving Assurant's motion to dismiss, Plaintiff determined that it would be in Plaintiff's best interest to dismiss Assurant, amend the complaint, and proceed against the remaining parties, adding in defendant United Service Protection Corporation in place of Assurant. In doing so, Plaintiff *voluntarily* dismissed Assurant and two causes of action *without prejudice*, permitting the reassertion of said causes of action in future amended complaint. Moreover, Plaintiff determined that rather than wait for an additional motion to dismiss from another defendant, Plaintiff would address some of the issues that the Court may have found in the complaint and file its amended

complaint. Thereafter, following the filing of the First Amended Complaint which Plaintiff believed addressed the issues in Assurant's motion, Plaintiff met and conferred with Defendant Royal Administration Services, Inc. ("Royal") regarding an additional Motion to Dismiss. (Dkt. #27, 32.) Following a meet and confer with Royal, Plaintiff and Royal stipulated to the filing of a Second Amended Complaint. (Dkt. #27, 32.)

## II.  PLAINTIFF HAS ESTABLISHED PERSONAL JURISDICTION OVER EFG.

 To establish personal jurisdiction, Plaintiff must  show that Defendant has "minimum contacts" with the forum state, and that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (*International Shoe v. State of Washington*, 326 U.S. 310, 316 (1945)) ("*International Shoe*"). Plaintiff has alleged that EFG made calls to Plaintiff within the state of California in an effort to solicit Plaintiff to purchase EFG's products, namely, vehicle service contracts. (Second Amended Complaint ["SAC"], ¶ 13.) As shown below, Plaintiff has audio evidence of at least one such call.

EFG's intention to solicit business within California would reach the minimum contacts standard set forth in *International Shoe*. It would further be sufficient to meet the California long-arm statute which allows personal jurisdiction as long as federal due process is met. (*Henderson v. United Student Aid Funds, Inc.*, 2015 WL 12658485, at *2 (See Motion, p. 5.) ("*Henderson*").

However, *Henderson,* cited by EFG in support of its Motion, is distinguishable.  *Henderson* discusses a company with an office in California with a principal office in Texas, where only 5.8% of its revenue was from California, did nationwide business, and its portion of business in California was minor compared to the rest of the country. (*Henderson, supra,* 2015 WL 12658485 at *2-3.)

---

**PLAINTIFF'S OPPOSITION TO EFG'S MOTION TO DISMISS**

In the present action, EFG's Motion and the Declaration of Mike Washington attached thereto ("Washington Decl.") fail to state any evidence regarding the amount of business that it conducts in California.

On the other hand, as set forth in the audio recording of the call Plaintiff had with EFG's representative, which is attached to the Declaration of Vitaliy Sasin ("Sasin Decl.") as Exhibit 1, and incorporated herein by reference, EFG's initial representative, when asked for the name of his company, states, "That is EFG, Enterprise Financial Group so if you have your pen and piece of paper, I want you to write it down." (Sasin Decl., ¶ 5, Exh. 1.) Thereafter, a subsequent representative for EFG, when asked, "In what state are you located?" responded, "So our corporate office is located in Southern California." (Sasin Decl., ¶ 7, Exh. 1.) This office is repeatedly focused on as the sole point of contact for Plaintiff during the call. (Sasin Decl., Exh. 1.)

EFG argues that the standard to establish jurisdiction has now been raised considerably, including that the plaintiff is now obligated to "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." (Motion, p. 3:24-25, citing *Amba Mkt'g Sys. Inc. v. Jobar Int'l, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977).) Additionally, EFG claims that Plaintiff may not simply rest on the complaint's bare allegations, even though they are assumed to be true. (*Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011).) Even if this requirement did apply, as shown above, the record of the phone call is more than sufficient to meet these requirements.

However, the fatal flaw with each of the cases cited by EFG is they are premised on EFG's characterization that the minimum contacts that Plaintiff is alleging are based on a single phone call, which is patently inconsistent with the SAC. (Motion, p. 6:4-7.)

Rather, the Court's personal jurisdiction over EFG is established on two separate bases. First, Plaintiff alleges that EFG actively sells auto warranty

policies to California residents. (SAC, ¶¶ 11-13.) Although EFG filed a declaration of its Vice President of Finance, Mike Washington, the only facts alleged in Mr. Washington's declaration is that EFG does not maintain **contacts with a call center**; that statement does not contradict the allegations of the SAC. (See Washington Declaration, ¶ 5; SAC, ¶¶ 13-14, 17) In fact, Mr. Washington's declaration fails to make any statement regarding the actual sales that EFG makes to California.

If EFG does not sell to California residents, this information will only become available by allowing the parties to conduct personal jurisdiction discovery to determine what business is done within the state of California. This issue also rejects EFG's argument that the *Mavrix Photo* case applies since EFG has failed to present any evidence in its declaration regarding anything other than its potential phone call contacts.

The second aspect of Plaintiff's personal jurisdiction claims does apply to the phone calls for which EFG attempts to contradict in its declaration filed in support of its motion. However, Plaintiff has pleaded all of the facts stating when said calls were made, and from what numbers they were made (one of which is from an 818 area code, i.e. the area code that applies to the San Fernando Valley in Los Angeles). Furthermore, Mr. Washington's declaration states  EFG has no call centers *authorized* to sell vehicle service contracts in California nor agreements to call California residents, but  fails to state  EFG  has no call center contracts, or alternatively, that all call centers are strictly prohibited from calling California residents. (Washington Decl., ¶¶ 5 and 6.) If EFG utilizes a call center, which has the right to act as its agent to find customers, and those customers are in California, then it is subjecting itself to California's jurisdiction. This is especially true because EFG sells a product that, when sold to a California resident, is intended for use exclusively in California, and few if any customers go to its offices. Plaintiff has alleged that the calls, in relatively significant detail, were

made to California residents for the purpose of using a product that was to be used in California. (SAC, ¶¶ 11-17.) Nothing in the Washington Declaration directly contradicts this fact, and the phone call attached as Exhibit 1 to the Sasin Declaration, at the least, creates a factual discrepancy which must be decided, at this juncture, in Plaintiff's favor, as shown below. Thus, as shown below, Plaintiff has established that the Court has personal jurisdiction over EFG.

**A.** **This Court May Maintain Specific Personal Jurisdiction Over EFG.**

Plaintiff's SAC clearly establishes each of the requirements to set forth specific jurisdiction under the Ninth's Circuit's three-part test. Plaintiff must establish: (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. (*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).)

The Plaintiff only has to meet the first two prongs of this analysis. (*Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990).) Here, there is compelling evidence at establishes Plaintiff meets this burden.  If Plaintiff does so, the burden then shifts to EFG to set forth a "compelling case" that the exercise of jurisdiction would not be reasonable. (*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).) Here, EFG has not, and cannot, do so.

**1.** **EFG Has Purposefully Availed itself of Privileges of Conducting Business in California.**

EFG has committed several acts which show it purposefully availed itself of the privileges of conducting activities in the forum, by making calls by themselves or through an agent, and maintaining auto warranty policies and other vehicle service contracts within the state. EFG has employed parties to make calls on its

behalf in the forum state, including, as set forth above, in the Plaintiff's case, where said parties told potential customers that EFG was based in California and that all issues would be handled specifically within an EFG office within the State of California.

From the phone call, it is abundantly clear that EFG and/or its agents (who appear to have purposefully blurred the lines between the two) were attempting to sell VSCs to Plaintiff, which is more than sufficient to establish that EFG has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," and thus subjected EFG to personal jurisdiction in California. (*J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011).)

To the extent there are factual discrepancies between Plaintiff and EFG on a motion to dismiss for lack of personal jurisdiction, as EFG itself admits, such "factual disputes are to be resolved in the plaintiff's favor." (Motion, p. 3, ¶ III.A; see also *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).)

Further, to the extent that the Court acts on EFG's motion without first holding an evidentiary hearing, Plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss. (*Doe, I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001.).) Plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." (*Ibid.*, quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).). Here, Plaintiff has met this burden.

## 2. This Action Arises Out of SAC's Forum-Related Activities.

The claims set forth in the SAC only arose because EFG was attempting to make sales to customers within the state of California, as is evidenced by the recorded phone call. (Sasin Dec., ¶¶ 4-7, Exh. 1.)  This clearly qualifies as a "forum-related activity" of EFG's as is necessary to establish the second prong of specific personal jurisdiction. (*Brady v. Grendene USA, Inc.*, No.

1    312CV00604GPCKSC, 2013 WL 12069028, at *7 (S.D. Cal. Aug. 19, 2013)

2    ["Grendene Brazil's forum-related activities include its targeting of the California

3    market, as evidenced by its sales of the accused products through established

4    distribution channels[.]"].) Thus, Plaintiff has established the second prong of the

5    specific personal jurisdiction test.

6         EFG cannot claim the call did not occur, and to the extent EFG claims that

7    the maker of the call was not EFG itself and that the caller did not have authority

8    to make such a call, that constitutes a factual dispute to be resolved in Plaintiff's

9    favor. (*Pebble Beach Co. v. Caddy, supra,* 453 F.3d at p. 1154; *CollegeSource,*

10   *Inc. v. AcademyOne, Inc., supra,* 653 F.3d at p. 1073.)

11        3.    <u>The Exercise of Personal Jurisdiction Over EFG Is Reasonable</u>.

12        The final prong is the determination of whether jurisdiction is reasonable in

13   these circumstances. Plaintiff, as well as all those similarly situated, would not

14   have had any contact with EFG if not for EFG contacting each of them. If the

15   Court were to reject Plaintiff's claim of jurisdiction under these circumstances, it

16   would offend the "fundamental fairness which is the touchstone of due process" as

17   well as offending "fair play and substantial justice" merely on the basis that EFG

18   "did not *physically* enter the forum." (*Burger King Corp. v. Rudzewicz, supra,* 471

19   U.S. at p. 462-463.)  Given that EFG and/or its agents purporting to be EFG

20   initiated the calls which caused this action, there is no basis on which EFG can

21   claim that the Court's exercise of personal jurisdiction is unreasonable.

22        If the Court is inclined to grant EFG's motion to dismiss on the grounds of

23   lack of personal jurisdiction, Plaintiff requests the Court first grant Plaintiff the

24   opportunity to conduct limited discovery specifically on this subject to further

25   establish EFG's contacts with the state of California. (See § II(C).)

26   **B.    <u>This Court Has General Jurisdiction Over EFG</u>**.

27        As previously stated above, EFG's sales of auto warranty policies to

28   California vehicles would display "'continuous and systematic' contacts with the

---

**PLAINTIFF'S OPPOSITION TO EFG'S MOTION TO DISMISS**

forum state such that the defendant may be haled into court in the forum state to answer or any of its activities anywhere in the world." (*Schwarzenegger v. Fred Martin Motor Company*, 374 F.3d 797, 801 (9th Cir. 2004).) Furthermore, EFG's repeated contacts to Plaintiff, and all others similarly situated in California as alleged in the SAC, especially given the phone calls made by EFG and/or its agent to Plaintiff stating that its corporate office is in California, would establish continuous and systematic contacts. When a court determines whether or not there is general jurisdiction over a defendant, "[f]actors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." (*Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F.Supp.2d 1013, 1017 (Cal. N.D. 2005), citing *Bancroft & Masters, Inc. v. August Nat. Inc.,*, 223 F.3d 1082, 1086 (9th Cir. 2000); *Lehigh Coal & Navigation Co. v. Geko–Mayo, GmbH,* 56 F.Supp.2d 559, 572 (E.D.Pa.1999) [noting that solicitation of business aimed at forum state is considered in general jurisdiction analysis]). A court, however, should "focus upon the 'economic reality' of [a defendant's] activities rather than a mechanical checklist." (*Coremetrics*, *Inc., supra*, at p. 1017, citing *Gates Learjet Corp. v. Jensen,* 743 F.2d 1325, 1331 (9th Cir. 1984).)

EFG's motion attempts to present evidence in the Washington Declaration that it has agreements in place to limit its agents from making contacts in California, from utilizing auto-dialing machines, and from violating TCPA. However, the Declaration states that the Vehicle Protection Association, Inc. (VPA) Standard of Conduct is incorporated into the Seller Agreement, but no such agreement is attached so it is impossible to know whether any of EFG's contracts or agreements actually require these terms to be met. In the alternative, if these terms were in place and EFG has an agreement with parties to make calls on its

behalf that it ultimately has control over, then vicarious liability would be in effect.

Here, EFG is registered to do business in California, does have a registered agent to accept service in California, and does not deny that makes sales of VSCs to California residents.   (Plaintiff's Request for Judicial Notice, Exh. 1; Washington Decl., ¶¶ 2-10.)   Thus, it is appropriate for the court to exercise general personal jurisdiction over EFG.

**C.**    **If The Court is Inclined To Grant the Motion, the Court Should First Permit Jurisdictional Discovery, Which Is Warranted In This Matter.**

If the Court is inclined to grant the Motion based on lack of personal jurisdiction, the Court should first grant Plaintiff the right to conduct jurisdictional discovery and amend the SAC.

Courts are afforded a significant amount of leeway in deciding whether parties may conduct discovery relating to jurisdictional issues. "It is clear that the question of whether to allow discovery is generally within the discretion of the trial judge. However, where pertinent facts bearing on the question of jurisdiction are in dispute, *discovery should be allowed*." (*America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir.1989) (citations omitted); see also *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430, n. 24 (9th Cir.1977) [finding that "[d]iscovery ... 'should be granted where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary.' "].)   Similarly, where further discovery on an issue "might well" demonstrate facts sufficient to constitute a basis for jurisdiction, it is an abuse of discretion to deny it. (*Harris Rutsky & Co. Ins. Serv. v. Bell & Clements*, 328 F.3d 1122, 1135 (9th Cir.2003).)

Here, as a consumer action, Plaintiff is at a distinct disadvantage as it has insufficient processes with which to adduce evidence establishing personal

jurisdiction short of conducting discovery.  Given that EFG and/or its agents acting on its behalf, and in its name, indisputably did make calls to California residents which Plaintiff alleged violate the TCPA, to the extent the Court is inclined to entertain the personal jurisdiction aspects of the Motion, this matter presents facts which clearly place it within the line of cases where discovery to establish personal jurisdiction is warranted and necessary.

## III.   PLAINTIFF HAS STATED A CAUSE OF ACTION AGAINST EFG.

On a motion to dismiss under FRCP rule 12(b)(6), as opposed to a 12(b)(2) motion, "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (*Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1003 (9th Cir. 2008.) Further, "a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face[.]'" (*Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).).  Here, Plaintiff has met its burden to survive the 12(b)(6) portions of the Motion.

### A.   Plaintiff Has Pleaded Sufficient Facts to Establish EFG's Liability.

In order to establish a claim under the TCPA, one of the elements requires that Plaintiff must establish that it received calls from a defendant *or on behalf of* a defendant. (47 U.S.C. § 227(b)(1)(A)(iii); *In re Dish Network, LLC*, 28 FCC Rcd. 6574 ¶ 24, 2013 WL 1934349, \*8 (May 9, 2013).)

As stated in *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F.Supp.3d 765, 774 (N.D. Ill. 2014):

> "Congress intended for the TCPA to protect individuals from the annoyance and cost of receiving certain types of telemarketing calls without their prior consent. As the FCC and the telemarketing industry recognized in *Dish Network*, sellers are in the best position to monitor and police third-party telemarketers' compliance with the TCPA. See FCC Ruling, 28 F.C.C.R. at 6588 ¶ 37. *Allowing sellers to avoid potential TCPA liability by*

*outsourcing their telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions, particularly when the telemarketers are judgment proof, unidentifiable, or located outside the United States*. See *id*. ***Interpreting section 227(b) as not allowing vicarious liability, therefore, undermines the purpose of the TCPA*.**" (Emph. added.)

Plaintiff's SAC states that United Service Protection Corporation ("USP") appointed EFG to make the calls that were alleged to be violations in the Complaint. (SAC, ¶ 24.) Plaintiff further states that he received numerous calls from Defendants, which would include EFG, within a 12-month period. (SAC, ¶ 28.) Additionally, Plaintiff states that the person calling in solicitation calls was calling "on behalf of EFG." (SAC, ¶ 14.) These allegations are sufficient to establish liability against EFG whether it was making the calls directly or having another make the calls on its behalf and purporting to be EFG.  (See *Smith v. State Farm Mutual Automobile Insurance Company, supra*, 30 F.Supp.3d. at p. 774-776.) A "defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship." (*Gomez v. Campbell-Ewald*, 768 F.3d 871, 878 (9th Cir. 2014).) Although EFG alleges that Plaintiff may not rest on legal conclusions that are cast as factual allegations, the statements made by EFG's officer regarding the requirements that are put in place for the parties it employs to make sales calls shows that an agency relationship exists.

Furthermore, it is not necessary for a pleading to allege an agency relationship in order to survive a Rule 12(b)(6) motion. "'[A]s a matter of law, allegations of agency, vicarious liability, and/or respondeat superior are not required. A person legally responsible for an act may be alleged to have committed it without going into the theories which support that ultimate fact.' (*Greenberg v. Sala*, 822 F.2d 882, 886 (9th Cir.1987); see also *Fed. Sav. and Loan Ins. Corp. v. Shearson–Am.*, 658 F.Supp. 1331, 1343 (D.P.R.1987) (holding that a party can be held liable for securities fraud on an agency or a respondeat superior theory)."

(*Hernandez v. Hilltop Fin. Mortg., Inc.*, 622 F. Supp. 2d 842, 852–53 (N.D. Cal. 2007).)

Therefore, although Plaintiff continues to assert that the allegations set forth in the SAC are sufficient to establish an agency relationship: 1) EFG's declaration in support of its motion gives multiple examples of how EFG controls the callers and should be held liable for the calls made; and 2) Plaintiff's allegations, taken as true, are sufficient to establish EFG's liability.

### B. EFG's Argument That Plaintiff May Not Revive Claims From a Prior Complaint Misstates the Law and the Facts.

Citing to *Lacey v Maricopa County* F.3d 896, 928 (9th Cir. 2012) ("*Lacey*"), which quotes the *Forsyth* rule, from *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 ("*Forsyth*"), which *Lacey* overturned, EFG states that that the "Ninth Circuit has long proclaimed that it is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint." However, that same case, further through the analysis states, "Despite its provenance, on reflection, ***we do not believe that the Forsyth rule is prudent or sufficiently justified, and we agree that is formalistic and harsh***." (*Lacey, supra,* at p. 927; emph. added.)

Furthermore, even if *Lacey* applied as set forth by Defendants, it would not apply in the present circumstance. The Ninth Circuit's former rule was that a party who had a cause of action dismissed following a *ruling* on a motion to dismiss (albeit, with leave to amend), and who then chose not to revise that claim in a subsequent pleading, shall have waived the cause of action. (*Forsyth v. Humana, Inc.*, 114 F,3d 1467, 1474 (9th Cir. 1997).) Based on this ruling, it would only apply when the Court makes an order, e.g. on a motion to dismiss, and grants leave to amend, and the Plaintiff then decides not to amend the complaint, but rather "voluntarily" dismisses those claims, then those claims cannot be revived. (*Ibid*.)

1  In the present circumstance, the Court has not ruled on a motion to dismiss
2  and EFG only joined the lawsuit when it filed its motion to dismiss. Plaintiff
3  voluntarily, and without any requirement to do so by the Court, not to include two
4  causes of action in its First Amended Complaint. However, since there was no
5  ruling on Assurant's Motion to Dismiss the original complaint, and Plaintiff filed
6  the SAC prior to any subsequent motion to dismiss being filed, Plaintiff's decision
7  to remove the two causes of action from the First Amended Complaint and bring
8  them back in the SAC, is completely valid. Thus, EFG's argument is misplaced
9  and inapplicable under the existing procedural history and circumstances.

10  **C.**   **Plaintiff Has Sufficiently Alleged That 47 U.S.C. § 227(c) Applies**
11          **To Wireless Numbers**

12  The parties agree that the FCC's do-not-call rules extend the private right of
13  action under TCPA § 227(c) to a "residential telephone subscriber" only. (47 CFR
14  § 64.1200(c).) However, EFG claims that Plaintiff is (wrongly) arguing that any
15  mobile number on the do-not-call registry is presumed to be a residential number.
16  EFG is incorrect.

17  Plaintiff's allegation in the SAC at paragraphs 34-41 go through in
18  painstaking detail how and why a wireless number can be considered a residential
19  number as provided in the FCC's order. Plaintiff then specifically alleges: "calls
20  made to Plaintiff's wireless numbers which were registered on the National Do-
21  Not-Call Registry as alleged above constitute violations of 47 U.S.C., § 227(c),"
22  thus tying EFG's specific calls to Plaintiff's allegations regarding the treatment of
23  wireless numbers as residential numbers. In alleging that that these calls are
24  violations, Plaintiff is inherently stating that Plaintiff's mobile phone is a
25  residential number. (SAC, ¶¶ 34-41.)

26  Furthermore, any factual dispute as to whether that is the case should be
27  properly decided by the trier of fact, and it would be improper for such
28  determination to be made in a motion to dismiss.

Finally, even if the Court is inclined to grant the Motion on this ground, the Sasin Declaration at paragraphs 2-3 demonstrates how any perceived omitted facts can easily be corrected on amendment, which mandates leave to amend to augment such pleadings. (See § IV.)

### D. **Plaintiff Has Sufficiently Alleged Use of An ATDS**.

EFG alleges that Plaintiff's pleadings are solely a cut and paste of the TCPA requirements, but also includes "one specific allegation." (Motion, p. 14:15.) Said allegation discusses exactly what Plaintiff heard that allowed him to determine that the call was made from an ATDS. (SAC, ¶¶ 19-22.) However, EFG states that this language was only inserted following Assurant's Motion to Dismiss. (Motion, p. 15:16.) This is irrelevant. The fact that Plaintiff did not include this fact in his original Complaint is not reason to punish him for including the phrase in later versions. In fact, this is the precise purpose of permitting amendment. (*Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973), quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957) [holding that the rule in favor of permitting amendment recognizes that "[t]he purpose of pleadings is 'to facilitate a proper decision on the merits,' and not to erect formal and burdensome impediments in the litigation process."].)

Furthermore, EFG provides no legal basis whatsoever for why the allegations cannot be made on information and belief, rather than personal knowledge, especially at the pleading stage. Whether a defendant used an automatic telephone dialing system ("ATDS") is often a fact exclusively within the defendant's possession, thus the Court cannot expect that the plaintiff will be able to plead the existence of the system with specificity before an opportunity for discovery. (See *Robbins v. Coca–Cola Co.,* 2013 WL 2252646, at *3 (S.D.Cal. May 22, 2013) ["'Plaintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations.... Prior to the initiation of discovery, courts cannot expect more.'"], quoting *Gragg v.*

*Orange Cab Co., Inc.,* 2013 WL 195466, at \*2 n. 3 (W.D.Wash. Jan.17, 2013); *Mogadam v. Fast Eviction Serv.*, No. SACV 14-01912 JVS, 2015 WL 1534450, at \*2 (C.D. Cal. Mar. 30, 2015).)

While the specific requirements for an allegation of the use of an ATDS to survive a Rule 12(b)(6) motion to dismiss have not been conclusively established by controlling authority, persuasive authority has generally followed one of two approaches. The first approach has been to allow for minimal allegations regarding use of an ATDS in recognition of the fact that the type of equipment used by the defendant to place the "call" is within the sole possession of the defendant at the pleading stage, and will therefore only come to light once discovery has been undertaken. (*See, e.g., In re Jiffy Lube Int'l., Inc., Text Spam Litig.,* 847 F.Supp.2d 1253, 1260 (S.D. Cal. 2012); *Blair v. CBE Group Incorporated,* No. 13-CV-134-MMA (WVG), 2013 WL 2029155, at \*4 (S.D. Cal. May 13, 2013).) Under this approach, the allegation of receipt of a text message along with the allegation that this message was sent by a machine with the capacity to store and produce random telephone numbers has been held sufficient to plead a defendant's use of an ATDS. (*In re Jiffy Lube,* 847 F.Supp.2d at p. 1260.) "While additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage." (*Ibid.*)

Furthermore, numerous courts have concluded that a simple allegation that an ATDS was used is sufficient at the pleading stage because "it would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used for a communication left on a plaintiff's voicemail." (*Torres v. Nat'l Enter. Sys., Inc.*, No. 12 C 2267, 2012 WL 3245520, at \*3 (N.D. Ill. Aug. 7, 2012).) The *Torres* Court added that if more were required of plaintiffs at the pleading stage, defendants "would be virtually immune to TCPA claims, which clearly is not what was intended by Congress in creating the TCPA." (*Ibid.*)

1   Although Plaintiff could state that he experienced the "click" sound in all
2   calls that he answered, which is indicative of using an automatic telephone dialing
3   system, as some of the calls were from the same number and Plaintiff was unable
4   or chose not to answer them, it would be impossible for him to make any more
5   specific of an allegation regarding the actual technical aspects of the machine used
6   absent further discovery.

7   Therefore, read as a whole, the SAC contains sufficient facts to show that it
8   is plausible that Defendants used such a system. (*Ibid.*) Finally, well-pleaded facts
9   are taken as true and construed in the light most favorable to the non-moving
10  party. (*Telesaurus VPC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).)

11  On the other hand, even for courts requiring additional facts to be alleged
12  acknowledge that, "[p]laintiffs alleging the use of a particular type of equipment
13  under the TCPA are generally required to rely on indirect allegations, such as the
14  content of the message, the context in which it was received, and the existence of
15  similar messages, to raise an inference that an automated dialer [ATDS] was
16  utilized. Prior to the initiation of discovery, courts cannot expect more." (*Gragg v.*
17  *Orange Cab Co., Inc.*, No. C12– 0576RSL, 2013 WL 195466, at *2, n.3 (W.D.
18  Wash. Jan. 17, 2013).)

19  Such "additional facts" can take the form of things such as a "pause" in the
20  calls after the plaintiff answers, which is characteristic of an autodialer, and the
21  defendants' likely need for a "sophisticated phone system." (*Thomas v. Dun &*
22  *Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 945–46 (C.D. Cal. 2015).)

23  Here, Plaintiff has made such allegations sufficient for the Court to adduce
24  the plausible use of an ATDS. (SAC, ¶¶ 19-22.)

25  **E.**   **Plaintiff Has Properly Pleaded The Class Allegations**.

26  EFG argues that Plaintiff has failed to present class allegations as required
27  by Local Rule 23-1 23-2.1, and 23-2.2, in addition to Federal Rule of Civil
28  Procedure 23. This is incorrect. Plaintiff's SAC asserts that the class consists of

two subclasses, one concerning the National Do-Not-Call violation (the "DNC Class") and the other deals with the ATDS dialing of mobile numbers (the "ATDS Class"). (SAC, ¶ 42.) The SAC then spends multiple paragraphs establishing each aspect of the Local Rules and FRCP 23. (SAC, ¶¶ 43-55 as it applies to the DNC Class and ¶¶ 56-68 as it applies to the ATDS Class.) Plaintiff specifically alleges that he is a member of both classes. (SAC, ¶¶ 45, 58.) Thus, there is no question that Plaintiff has met the minimum pleading requirements for class actions under FRCP Rule 23 and the applicable local rules.

### F.   An Injunction Is Proper

Plaintiff has the right to request an injunction as Plaintiff has alleged that it has received calls despite being on the Do-Not-Call registry and if EFG is not enjoined from making additional phone calls and violating the TCPA, those phone calls will continue thereby causing a real and immediate threat of repeated injury. (*City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1982).)

EFG alleges that due to Plaintiff's allegation that no call has come since May 12, 2017, there is no immediate threat of repeated injury. However, given the fact that the initial Complaint was filed shortly after that last call, it can be presumed that the calls only stopped as a result of the pending litigation, and should the litigation end, the calls would resume, to Plaintiff and the other members of both the DNC Class and ATDS Class, if EFG was not enjoined.

## IV.   IF THE MOTION TO DISMISS IS GRANTED, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND.

In the event the Court is inclined to grant the Motion, Plaintiff respectfully requests that it be given leave to amend the Complaint.  The Court has broad authority to permit leave to amend following a motion to dismiss under FRCP rule 12(b)(6) when justice so requires because "the underlying purpose of [Federal Rule of Civil Procedure] Rule 15… [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." (*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

---

1   Cir. 2000).) This mandate is to be heeded. (*Foman v. Davis*, 371 U.S. 178, 182
2   (1962).)

3       Further, "[d]ismissal without leave to amend is improper unless it is clear,
4   upon de novo review, that the complaint could not be saved by any amendment."
5   (*Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).) Moreover, "[a]n
6   outright refusal to grant leave to amend without a justifying reason is ... an abuse
7   of discretion." (*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034
8   (9th Cir. 2008), quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532
9   (9th Cir. 2008).)

10      A district court should grant leave to amend even if no request to amend the
11  pleading was made, unless it determines that the pleading could not possibly be
12  cured by the allegation of other facts. (*Lopez, supra,* at p. 1130.)  Here, Plaintiff
13  has requested leave to amend and if the Court is inclined to grant the Motion, it is
14  inherently based on grounds which can be easily cured by amendment.

15  **V.**   **CONCLUSION.**

16      For the reasons stated above, Plaintiff respectfully requests that the Motion
17  be denied in its entirety. However, in the event the Court is inclined to grant the
18  Motion, Plaintiff respectfully requests that it be given leave to amend the SAC
19  and/or conduct jurisdictional discovery.

21  Dated: September 19, 2017      **DAVIDOVICH KAUFMAN LEGAL GROUP, APA**

23                     By: _____
24                         Niv Davidovich
25                         Attorneys for Plaintiff VITALIY SASIN, THE
                           DNC CLASS, THE ATDS CLASS, AND ALL
26                         OTHERS SIMILARLY SITUATED