EDWARD D. TOTINO (SBN 169237)
edward.totino@dlapiper.com
DAVID B. FARKAS (SBN 257137)
david.farkas@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: 310.595.3000
Fax: 310.595.3300

Attorneys for Defendant and Third-Party Plaintiff
ROYAL ADMINISTRATION SERVICES, INC.

*(Additional Counsel Shown on Signature Pages)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALIY SASIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE FINANCIAL GROUP, INC., *et al.*,<br><br>Defendants.<br><br>ROYAL ADMINISTRATION SERVICES, INC.<br><br>Third-Party Plaintiff,<br><br>v.<br><br>PRIVATE RESERVE GROUP, INC., AUTO PROTECTION GROUP, INC. and PEJMAN GHANEIAN,<br><br>Third-Party Defendants | CASE NO. 2:17cv04022-CBM (RAOx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Original Complaint Filed: May 30, 2017 |

WEST\285242056.1

**JOINT RULE 26(f) REPORT**

DLA Piper LLP (US)
Los Angeles

Pursuant to the Court's December 12, 2018 Order Setting Rule 26(f) Conference (Dkt. 130), Plaintiff Vitaliy Sasin ("Plaintiff"), Defendants Enterprise Financial Group, Inc. ("Enterprise"), United Service Protection Corporation ("USPC"), Defendant and Third-Party Plaintiff Royal Administration Services, Inc. ("Royal"),  (collectively "Defendants"), and Third-Party Defendants Private Reserve Group, Inc., Auto Protection Group, Inc., and Pejman Ghaneian (collectively, "Third-Party Defendants") submit the following for their Joint Rule 26(f) Report:

**1. Statement of the Case:**

    a. Plaintiff's Statement:

Plaintiff seeks to recover damages on behalf of himself and putative class members for alleged injuries arising from purported violations of the Telephone Consumer Protection Act ("TCPA") by telephone calls he received and those in which other similarly situated parties have received. Plaintiff believes that said calls were made by Defendants and each of them, or as an agent for said Defendants.

    b. Defendants' Statement:

In this action, Plaintiff seeks to recover damages on behalf of himself and putative class members for alleged injuries arising from purported violations of the Telephone Consumer Protection Act ("TCPA") by a telephone call he received. On October 6, 2017, Royal filed a Third-Party Complaint against PRG, APG, and Ghaneian, on the grounds that Third-Party Defendants made or are otherwise responsible for the telephone call to Plaintiff. Royal, EFG and USPC never contacted Plaintiff, never authorized, directed, or otherwise caused Plaintiff to be contacted, never used an automatic telephone dialing system ("ATDS") to call Plaintiff or anyone else, and are not responsible for the calls that are the subject of this action. *See Jones v. Royal Administration Services, Inc.*, 887 F.3d 443 (9th Cir. 2018).

  c. <u>Third-Party Defendants' Statement</u>:

Third-Party Defendants did not make calls to Plaintiff or anyone else using an ATDS and are not liable to Royal under the Third-Party Complaint. Third-Party Defendants have spoken directly to Plaintiff, who acknowledged that his TCPA claim could not be based on any alleged call from Third-Party Defendants. Third-Party Defendants expect Plaintiff to amend his Complaint to remove or change any allegations that could implicate Third-Party Defendants, which would make clear that there is no basis for Royal's Third-Party Complaint against Third-Party Defendants.

**2. <u>Number of Depositions To Be Taken By Each Side and the Date the Depositions are Set</u>:**

The parties each generally anticipate taking approximately five to six depositions. Since many of those depositions will overlap, the *total* number of anticipated depositions will likely be approximately six to eight. The parties intend to complete those depositions before the proposed December 16, 2019 discovery cut-off date.

**3. <u>Written Discovery Sought and the Date Responses are Due</u>:**

The parties intend to serve their initial disclosures no later than February 25, 2019. The parties each intend to serve written discovery, including requests for production, interrogatories, and requests for admission, the responses to which will be due before the proposed December 16, 2019 discovery cut-off date.

**4. <u>Proposed Timing of Disclosures under Fed. R. Civ. Proc. 26(a)(2)</u>:**

The parties propose an expert disclosure deadline of January 20, 2020.

**5. <u>Proposed Pretrial Conference Date</u>:** June 30, 2020.

**6. <u>Date Demand for Jury Trial was Filed</u>:** May 30, 2017.

**7. <u>Proposed Trial Date</u>:** August 3, 2020.

**8. Prospects of Settlement:**

At this juncture settlement appears unlikely. The parties remain willing to discuss settlement once sufficient discovery has been completed.

**9. Positions of Counsel re: Consent to Proceed Before a Magistrate:**

The parties do not consent to proceed before a Magistrate.

**10. List of Contemplated Motions**:

Plaintiff will file a motion for class certification by June 25, 2019. Defendants and Third-Party Defendants each anticipate filing motions for summary judgment once sufficient discovery is completed. Defendants also anticipate filing a motion to temporarily stay this matter pending the resolution of the petition for writ of certiorari filed in *Marks v. Crunch San Diego, LLC*, No. 14-56835. The Court previously stayed this case pending the resolution of the appeal in *Marks* (see Dkt. 92 at 16:1-8) concerning the definition of ATDS, but lifted the stay following Ninth Circuit's decision. However, the Ninth Circuit recently stayed its mandate in that appeal, pending the outcome of the petition for writ of certiorari,  The defendant in *Marks* filed the petition for writ of certiorari with the U.S. Supreme Court on January 28, 2019. The motion to stay may also be based upon additional grounds.

**11. Selection of ADR Procedures:**

The parties agree to participate in private mediation prior to the proposed pretrial conference date of June 30, 2020.

**12. Additional Matters:**

The parties propose that all fact discovery be completed by December 16, 2019.  The parties propose that all expert discovery be completed by March 16, 2020.

| | | |
|---|---|---|
| 1 | Dated: February 5, 2019 | **DAVIDOVICH KAUFMAN LEGAL GROUP, APA** |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Niv V. Davidovich<br>NIV V. DAVIDOVICH |
| 5 | | CHARLES STEIN<br>Attorneys for Plaintiff |
| 6 | | VITALIY SASIN |
| 7 | Dated: February 5, 2019 | **DLA PIPER LLP (US)** |
| 8 | | |
| 9 | | By: /s/ Edward D. Totino<br>EDWARD D. TOTINO |
| 10 | | DAVID B. FARKAS<br>Attorneys for Defendant and Third-Party Plaintiff |
| 11 | | ROYAL ADMINISTRATION SERVICES, INC. |
| 12 | | |
| 13 | Dated: February 5, 2019 | **CARLTON FIELDS JORDAN BURT, LLP** |
| 14 | | |
| 15 | | By: /s/ Harvey W. Geller |
| 16 | | HARVEY W. GELLER<br>BRIAN P. PERRYMAN |
| 17 | | Attorneys for Defendant<br>UNITED SERVICE PROTECTION CORPORATION |
| 18 | | |
| 19 | Dated: February 5, 2019 | **GREENSPOON MARDER LLP** |
| 20 | | |
| 21 | | By: /s/ Jamey Campellone<br>JAMEY CAMPELLONE |
| 22 | | Attorneys for Defendant<br>ENTERPRISE FINANCIAL GROUP, INC., |
| 23 | | doing business as EFG COMPANIES, INC. |

| | |
|---|---|
| Dated: February 5, 2019 | **VENABLE LLP** |

By: /s/ Daniel S. Silverman
    DANIEL S. SILVERMAN
    Attorneys for Third-Party Defendants
    PRIVATE RESERVE GROUP, INC., AUTO
    PROTECTION GROUP, INC. and PEJMAN
    GHANEIAN

## SIGNATURE CERTIFICATION

Pursuant to Central District Local Rule 5-4.3.4(a)(2)(i), I hereby certify that authorization for the filing of this document has been obtained from the other signatories shown above and that the signatories have authorized placement of their electronic signatures on this document.

Dated: February 5, 2019    **DLA PIPER LLP (US)**

By: /s/ Edward D. Totino
    EDWARD D. TOTINO
    DAVID B. FARKAS
    Attorneys for Defendant and Third-Party Complainant
    ROYAL ADMINISTRATION SERVICES, INC.